(94 South. 144)

No. 25319.

## STATE v. WHITTAKER.

(Oct. 30, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Statutes** ⬅51—**Prohibition statute not invalid because of reference to federal legislation for definition of whisky.**

As applied to homemade corn whisky called "shinney," sold for beverage purposes, Act No. 39, Ex. Sess. 1921, § 8, defining intoxicating liquor as whisky by whatever name called as defined by federal legislation, is not, because of the reference to federal legislation, violative of Const. 1921, art. 3, § 18, forbidding the adoption of any system or code of laws by reference thereto.

**2. Criminal law** ⬅254—**Trial judge is exclusive judge of the law and the facts in misdemeanor cases.**

On the trial of misdemeanors, a district judge discharges dual functions, and is not only the exclusive judge of the law, but also the exclusive judge of the facts, the weight and sufficiency of the evidence, and the credibility of the witnesses.

**3. Criminal law** ⬅554—**Judge held to have properly refused to believe defendant's testimony.**

Where it appeared that defendant, after being asked if he could buy witness some liquor, walked three-quarters of a mile after whisky and three-quarters of a mile back to deliver it, the trial judge properly refused to accept as true his testimony that he obtained it from "a negro in the woods," and received no profit from the sale, and did not act as agent of the seller.

**4. Criminal law** ⬅1111(3) — **When trial judge did not accept facts contained in bill of exceptions, question not reviewable.**

Where the bill of exceptions recited that defendant, after being asked to get some liquor for a witness, went to the residence of a neighbor, three-quarters of a mile away, and secured the liquor, but the trial judge did not accept this as a true statement of facts, and, in a per curiam in the bill, stated that defendant testified he bought the whisky "from a negro in the woods," the proposition of law presented as to whether the evidence showed that defendant acted only as agent of the purchaser cannot be reviewed.

**5. Intoxicating liquors** ⬅146(3)—**One buying liquor from another and selling it to witness guilty of selling.**

Where defendant, on being asked to get some liquor for witnesses, bought some from a negro and sold it to the witnesses, he was guilty of selling intoxicating liquor, and did not act merely as agent of the purchaser.

**6. Criminal law** ⬅260(11)—**Supreme Court cannot review the facts.**

The Supreme Court is without jurisdiction in criminal cases to review the facts as to the guilt or innocence of accused or to pass upon the credibility of witnesses or on the weight and sufficiency of the evidence, such matters being exclusively within the province of the district judge.

**7. Indictment and information** ⬅110(31), 121 (5)—**Indictment in language of statute for selling intoxicating liquors held sufficient, and in connection with bill of particulars to permit proof that liquor was intoxicating.**

An indictment, charging in the language of Act No. 39, Ex. Sess. 1921, that defendant unlawfully sold intoxicating liquors for beverage purposes was sufficient, and in connection with a bill of particulars stating that he sold one quart of intoxicating liquor, otherwise known as "shinney," entitled the state to prove that the kind of liquor specified was intoxicating.

**8. Intoxicating liquors** ⬅134—**Statute does not refer to federal legislation for definition of whisky sold under fictitious name.**

Where liquor sold under the name of "shinney" was a homemade corn whisky, Act No. 39, Ex. Sess. 1921, § 8, did not refer the question of the percentage of alcohol necessary to make it intoxicating to federal legislation.

**9. Indictment and information** ⬅121(2)—**Bill of particulars of alcoholic contents of liquors only required as to other than well-known intoxicants.**

Act No. 39, Ex. Sess. 1921, § 8, providing that the terms "liquor" or "intoxicating liquor" shall be construed to include alcohol, whisky, etc., and any spirituous, etc., liquor by whatever name called, as defined by federal legislation, and all alcoholic liquids, medicated, proprietary, or patent, and fit for use as a beverage, as defined by federal legislation, requires the state to give, in a bill of particulars, the alcoholic contents of liquors or liquids falling only under the second and third classes enumerated.

**10. Constitutional law ⟨⟩46(1)—Validity of reference to federal legislation not determined until proper case presented.**

A proper case must be presented before the court will pass upon the constitutionality of so much of Act No. 39, Ex. Sess. 1921, § 8, as defines intoxicating liquors by reference to federal legislation, and the question will not be passed on where it appears that the liquor sold, though sold under a fictitious name, was whisky.

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

Pink Whittaker was convicted of selling intoxicating liquors for beverage purposes, and he appeals. Affirmed.

P. L. Ferguson, of Leesville, for appellant.

A. V. Coco, Atty. Gen., and John B. Hill, Dist. Atty., of Many (T. S. Walmsley and E. A. O'Sullivan, both of New Orleans, of counsel), for the State.

By the WHOLE COURT.

LAND, J. The defendant is indicted for selling intoxicating liquors for beverage purposes. He was convicted and sentenced to pay a fine of $500, and to be imprisoned in the parish jail for a period of 60 days, and, in default of payment of fine, to incarceration in said jail for an additional 12 months.

[1] Bill of Exceptions No. 1.—Defendant filed a motion to quash the indictment in this case, for the reason that section 8 of Act 39, Ex. Sess. 1921 is unconstitutional, as said section attempts to define intoxicating liquors by reference to federal legislation in violation of section 18, art. 3, of the Constitution of this state.

This contention is without merit, as the testimony in the case shows that the defendant sold a homemade corn whisky, called "shinney." State v. Coco, 152 La. 241, 92 South. 883.

This case is differentiated from the case of the State v. Henry McClinton, No. 25377, 94 South. 141,[1] on the docket of this court,

[1]Ante, p. 632.

152 La.—21

in that in the latter case the trial judge took judicial notice of the intoxicating qualities of "shinney," while in the instant case "shinney" was proven by the testimony of the defendant himself to be a homemade corn whisky, as shown by the per curiam in the bills of exceptions reserved.

Bill of Exceptions No. 2.—Defendant requested the court that it charge itself that the evidence in the case only showed that the defendant was the agent of the purchaser. This the court refused to do. The bill of exceptions recites that the evidence adduced by the state and the defense on the trial of the case was, in substance, as follows:

"That A. B. Moses was a private detective employed by the sheriff of Vernon parish to detect persons engaged in the selling of intoxicating liquor. That he employed one R. E. Kay, a chauffeur, to take him to the residence of the defendant, and that on the way there the said Moses inquired of the said Kay whether or not he could buy him some liquor, and that the said Kay told him that he would try, and that, when they arrived at the residence of the said defendant, the said Kay inquired of him whether or not he could get him some 'shinney.' That the said defendant told him that he would try, and that he thereupon left his residence and *went to the residence of a neighbor who lived some three-quarters of a mile from there*, secured from a negro a quart of 'shinney,' for which he paid the price of $3. This being done in the presence of two other parties. That he returned with the 'shinney,' and delivered it to Kay, who in turn delivered it to Moses, and thereupon Moses delivered to either Kay or defendant $3."

The per curiam of the trial judge in this bill of exceptions is as follows:

"The accused said that *he bought* the corn whisky *from a negro in the woods*." (Italics ours.)

[2] In the trial of misdemeanors, a district judge discharges dual functions. He is both the judge and the jury. He is not only the exclusive judge of the law, but he is also the exclusive judge of the facts, the

weight and sufficiency of the evidence, and the credibility of the witnesses.

[3, 4] Evidently, in the present case, the trial judge did not accept as true the state of facts recited by counsel for defendant in the bill of exceptions taken to the ruling of the court. The whisky was found in the possession of defendant. Like a person in the recent possession of stolen goods, he attempted to show that he was the agent of the purchaser, that he came into possession of the property by honest and lawful means, and that he was not the original guilty seller.

And like a person in the recent possession of stolen property usually does, he stated to the trial judge that he purchased the whisky from a mere stranger, whose name is not given, whose residence was not pointed out to the officers, and whom he designates on the trial of the case merely as "a negro in the woods." Such testimony could not be accepted as credible by a trial judge, nor could a judge accept as true the statement that defendant received no profit from the sale, or that he was not acting as agent of the seller, if there was "a negro in the woods," for the simple reason that the defendant walked three-quarters of a mile to get the whisky and three-quarters of a mile back to deliver it—an unusual distance for any man, but "a good Samaritan," to travel for the mere accommodation of a rank stranger. The judge a quo, instead of being impressed in this case with the suggestion that there was "a nigger in the woods," evidently accepted, as a fact, that there was "a negro in the woodpile," and convicted the defendant as the seller of the intoxicating liquor, upon his own statement that he had bought the whisky and sold it. We have made this review of the testimony merely for the purpose of emphasizing the viewpoint of the trial judge, and not as affecting the guilt or innocence of the accused. It is obvious that we cannot review a proposition of law on appeal, when the facts upon which that proposition is based are not accepted as the undisputed facts of the case, by the trial judge.

[5, 6] Bill of Exceptions No. 3.—This bill was reserved to the action of the court in overruling the motion for a new trial, which complains of the error of the judge a quo in not charging himself upon the state of facts alleged by counsel for defendant, that the accused was merely acting as agent of the purchaser, and which further complains that the verdict is contrary to the law and the evidence. In his per curiam in this bill, the lower judge says:

"This accused, according to his own version of the matter, went into the woods, bought a quart of corn whisky, homemade, otherwise called 'shinney,' and returned to witnesses and sold it to them. Accused said he bought the liquor from a negro, but in any event he sold the liquor."

Under this state of facts, defendant would be clearly guilty of selling intoxicating liquor, and not acting merely as agent of the purchaser. However, we are without jurisdiction on appeal in criminal cases to review the facts as to the guilt or innocence of the accused, or to pass upon the credibility of witnesses, or upon the weight and sufficiency of the evidence, as such matters are exclusively within the province of the district judge.

Bill of Exceptions No. 4.—In a motion in arrest of judgment, defendant charges that the indictment in this case, together with the bill of particulars showing that defendant sold one quart of "shinney" for the sum of $3 at or near his residence in the parish of Vernon on or about March 13, 1922, does not charge defendant with any crime known to the laws of the state of Louisiana; that the laws of Louisiana do not define "shinney" to be intoxicating, nor is there any such thing known to the laws of Louisiana as "shinney"; and particularly it is not prohibited

by Act 39 of the General Assembly of the state of Louisiana, of the year 1921.

[7] The sale of intoxicating liquors for beverage purposes in this state is purely a statutory offense. The indictment in this case charges that the defendant, "did unlawfully sell intoxicating liquors for beverage purposes." The bill of particulars filed by the district attorney specifies: "One quart of intoxicating liquor, otherwise known as "shinney," bought from Pink Whittaker, March 13, 1922. Price paid $3, and bought right near Pink Whittaker's place in Vernon parish." This indictment is in the language of the statute, and was sufficient as originally drafted. State v. Coco, 152 La. 241, 92 South. 883. Reading the bill of particulars into the indictment, it charges upon its face that "shinney" is an intoxicating liquor. Section 8 of Act 39 of 1921 declares:

"That the word 'liquor' or the phrase 'intoxicating liquor,' wherever used in this act shall be construed to include alcohol, whisky, brandy, rum, gin, beer, ale, porter, wine," etc., "by whatever name called."

The General Assembly anticipated subterfuges of this kind, and expressly provided that "whisky," "by whatever name called," shall be included within the terms of the act. The indictment being sufficient and charging specifically that "shinney" is an intoxicating liquor, there is no substantial defect patent upon its face. It is a good and valid indictment, under which the state is entitled to prove to be intoxicating the kind of liquor specified. In the instant case the proof shows that "shinney" is but another name for homemade corn whisky, a liquor commonly known to be spirituous and intoxicating. Any other construction placed upon the language of the act would open wide, the door to evasions innumerable, through the sale of whisky, brandy, gin, etc., under fictitious names, and though the contention that they are not included within the terms of the act.

In the Coco Case we said:

"It is to be observed that section 8 [of Act 39 of 1921] designates three different classes of intoxicants or liquids which are to be regarded as intoxicating liquors for beverage purposes. The first nine enumerated [alcohol, whisky, brandy, rum, gin, beer, ale, porter, wine] are commonly known, and are all well recognized as intoxicating liquors, and required no specific definition. It would have been useless and mere surplusage to have referred to any other legislation or even to a lexicographer for a definition. The second class includes: 'Any spirituous, vinous, malt, or fermented liquor or liquids by whatever name called, as defined by federal legislation.' The third class includes: 'All alcoholic liquids, either medicated, proprietary or patented, which are fit for use as a beverage or for intoxicating beverage purposes, all as defined by federal legislation.' That the three classes are treated as distinct and separate is apparent from the mere reading of the section. The reference to federal legislation for a definition, at the end of the second and third enumeration, in our opinion does not relate to the liquors first mentioned in the section. It would be absurd to say that reference was made to the act of Congress for a definition of alcohol or of whisky, or brandy to ascertain what per cent. of alcohol was necessary to make the named liquors intoxicating or fit for use as beverages."

[8] It would be in our opinion equally as absurd to refer to federal legislation to ascertain what per cent. of alcohol was necessary to make "shinney," a homemade corn whisky, intoxicating or fit for use as a beverage, as it is whisky made at home, a well-known, spirituous, and intoxicating liquor, and falls within the first class of intoxicating liquors enumerated in section 8 of said act, which requires no definition by act of Congress, or otherwise.

[9] It is to be observed in this connection that the state is required to give in a bill of particulars the alcoholic contents of liquors or liquids falling only under the second and third classes enumerated in section 8 of said act, as such liquors or liquids are not well-known intoxicants, may not be intoxicating in fact, and their alcoholic contents must therefore be proven by the state

to exceed the percentage of alcohol limited by law.

[10] However, a proper case must be presented to us before we can pass upon the constitutionality of that portion of the act defining liquors and liquids by reference to federal legislation. We will not do so, as we decided in the Coco Case, where the proof shows that whisky was sold; nor will we do so in any case, where the testimony discloses the fact that whisky has been sold under a fictitious name, but the liquor or liquid charged to be intoxicating must fall legitimately under the second or third class of liquors or liquids enumerated in section 8 of the Hood Act, and the record in the case must clearly disclose this fact.

The judgment appealed from is therefore affirmed.

PROVOSTY, C. J., and DAWKINS, J., concur in the decree.