ROGERS, J.
 

 Defendant was convicted of having unlawfully in his possession, for sale for beverage purposes, intoxicating liquor, commonly called whisky. Having been twice previously convicted for the same offense, he was sentenced to pay a fine of $1,000 and to serve 12 months in the parish jail, and, in default of payment of the fine, to serve an additional 12 months’ imprisonment. On appeal he relies on the following bills of exception.
 

 Bill No. 1. Previous to the trial, a motion to quash and strike out was filed. The district judge overruled the motion and a bill of exception was reserved to his action in so doing. This appears in the record as bill of exception No. 1.
 

 The motion prayed for an order striking from the bill of information all that part thereof which charged previous convictions; and, alternatively, it is alleged that the incorporation of said previous convictions in the bill is illegal, null and void, and that the act under which said previous convictions are filed is unconstitutional. The motion further averred that the information should be quashed because it sets forth no crime known to the law.
 

 While counsel for defendant has not, apparently, abandoned this bill, hé has made no argument to support it. Eor our part, we are unable to see how the defendant was prejudiced by the action of the court in refusing to strike out that part of the bill of' information referring to previous convictions. Under the express language of the statute (Act 39 of 1921 [Ex. Sess.], § 3) the district attorney was authorized to inform the court of the previous convictions of the defendant and to offer evidence thereof at the trial, in order to guide the court in imposing sentence.
 

 It is not alleged or shown wherein the statute is unconstitutional, the contrary view having been repeatedly held by this court. We do not find any merit in the bill.
 

 Bill No. 2. This bill was reserved to the refusal of the court to charge itself that, before the defendant could be found guilty, “he must be proven by direct evidence, beyond a reasonable doubt, to have illegally acquired said alleged whisky, charged to have been in his possession.”
 

 The court overruled the objection for the following reasons, viz.:
 

 “That the possession of the whisky was sufficient to convict, unless the defendant produced proof that same was legally acquired, which he failed to do.”
 

 The court was satisfied that the state had proven defendant’s possession of the whisky for sale for beverage purposes. It is immaterial whether the court’s conclusion was reached by direct or by circumstantial evidence. The mere possession of the whisky by defendant for sale for beverage purposes constituted an offense denounced by the statute. The only exceptions are those permitted by section 4 of the act, permitting the possession of intoxicating liquor legally acquired and for personal consumption in one’s private dwelling or abode while occupied as such and allowing the brewing of beer and fermenting of wine under certain Conditions. The burden of proof was on 'defendant to show that his possession of the whisky fell within one of the exceptions set forth in the act. This he failed to do. The bill of exception, therefore, is not well taken.
 

 Bill No. 3. This bill was reserved to the refusal of the court to instruct itself that, before the accused could be found guilty under the charge, “he must be proven, by direct evidence beyond a reasonable doubt, to
 
 *553
 
 have had the alleged whisky alleged to have been in his possession to have been had by delendant for sale for beverage purposes, and that this proof cannot be supplied by any presumption, but must be direct, positive, and beyond a reasonable doubt.”
 

 The district judge disposes of this objection by showing that the quantity and circumstances under which the defendant was found with the whisky convinced him that the whisky was possessed for sale or bootlegging purposes.
 

 The matter complained of by this bill of exception was wholly within the province of the district judge to determine. This court is without jurisdiction of the facts tending to show the guilt or innocence of one accused of a criminal offense. A fact may be established by circumstances as well as by direct evidence.
 

 Bill ‘No. 4. This bill was taken to the refusal of the district judge to charge himself that:
 

 “ * * * Before defendant herein can, be convicted, the state must prove beyond a reasonable doubt that the alleged whisky alleged to have been in his possession, and not being a recognized brand, but said to have been home made, was actually 'intoxicating and that such character as intoxicating must be determined by chemical analysis, or from persons actually becoming intoxicated from imbibing said alleged whisky.”
 

 The court refused the instruction, stating that several persons familiar with all kinds of whisky testified that this was corn whisky, and it smelled to the court like whisky, and therefore the court thought that fact sufficiently proved. Evidence that the liquor smelled like whisky was admissible in corroboration of the testimony of the witnesses that it was corn whisky. State v. Coco, 152 La. 241, 92 So. 883. We do not find any error in the ruling of the court below.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.