BRUNO T, J.
 

 The defendant was charged with “having in his possession intoxicating liquor for sale for beverage purposes.” He was regularly tried, convicted, and sentenced for that offense. From the verdict and sentence he appealed.
 

 We find two bills of exception in the record.
 

 During the course of the trial counsel for defendant requested the court to specifically charge itself as follows:
 

 First. “Where an accused is charged with ‘possession of intoxicating liquor for sale for , beverage purposes,’ proof of intention to sell cannot be presumed from the nature or character of the possession itself. Being an essential averment of the information, it must be clearly and affirmatively established by positive testimony, and not by inference or presumption.”
 

 Second. “The charge in this case being ‘possession of intoxicating liquor for sale for beverage purposes,’ it is incumbent on the° state to prove beyond a reasonable doubt that the possession was for sale. Mere possession of intoxicating liquor in a residence, without proof of sale, is not sufficient proof to justify a conviction on such charge.”
 

 The trial judge refused to deliver .the requested charges, to which ruling defendant’s counsel excepted and reserved a bill of exceptions. The judge’s per curiam thereto is as follows:
 

 “The court refused to charge Nos. 1 and 2, for the reason that they do not correctly state the law applicable to such cases. See State v. Prophet, 102 So. 666, 157 La. 550.”
 

 In the Prophet Case the court said:
 

 “The court was satisfied that the state had proven defendant’s possession of the whisky for sale for beverage purposes. It is immaterial whether the court’s conclusion was reached by direct or by circumstantial evidence. The mere possession of the whisky by defendant for sale for beverage purposes constituted an offense denounced by the statute. The only exceptions are those permitted by section 4 of the act, permitting the possession of intoxicating liquor legally acquired and for personal consumption in one’s private dwelling or abode while oceupie4 as such and allowing the brewing of beer and fermenting of wine under certain conditions. The burden of proof was on defendant to show that his possession of the whisky fell within one of the exceptions set forth in the act. This he failed to do. The bill of exception, therefore, is not well taken.”
 

 In the Prophet Case the trial judge found as a fact that the defendant possessed intoxicating liquor for sale for beverage purposes. This, in itself, was a violation of section 1 of Act 39 of 1921, and therefore the question raised by the requested charges as to whether or not the liquor was lawfully acquired was immaterial.
 

 In this case defendant contends that the specific intent to sell must be established affirmatively by positive testimony and that the trial judge should so have charged himself. Both of the requested charges mean this and nothing more. The universally accepted doctrine is that facts may be established by circumstantial as well as by direct evidence. “Circumstances” are those physical facts which accompany a transaction, and
 
 *551
 
 it is a well-recognized rule that they are mute but credible witnesses which may satisfactorily prove a fact or conclusively disprove the testimony of a living witness, especially when such witness is thoroughly discredited by the inherent improbabilities of his testimony. “Intent” implies premeditation. It is the presence of will in the act which consummates a crime or offense. It is defined to be a mental attitude which is made known by acts. It is not susceptible of direct affirmative proof, but it must be implied from the proven acts and doings of a responsible human being. This court cannot inquire into the facts tending to establish the guilt or innocence of an accused person or to determine their weight and sufficiency. The Oonstitution of the state has lodged exclusive jurisdiction of these matters in the trial courts.
 

 Finding that the specially requested charges do not contain a correct statement of the law, the trial judge did not err in so ruling.
 

 Defendant’s second bill of exceptions was reserved to the overruling of a motion for a new trial. The motion is based upon the sole ground that the verdict is contrary to the law and the evidence. We have so often held' that such a motion presents nothing for review that it is needless to comment further upon it.
 

 The verdict and sentence- are affirmed.