(111 So. 72)

No. 28298.

STATE v. HOWARD et al.

(Nov. 29, 1926. Rehearing Denied Jan. 3, 1927.)

(Syllabus by Editorial Staff.)

1. Criminal law ☞1158(1)—District judge is exclusive judge of facts and witnesses' credibility, as well as law, on misdemeanor trials.

On trial of misdemeanors, district judge is exclusive judge of facts, weight and sufficiency of evidence, and witnesses' credibility, as well as of law.

2. Criminal law ☞1158(1)—Supreme Court cannot review undisputed testimony discredited by district judge in misdemeanor trial (Const. 1921, art. 7, § 10, and article 19, § 9).

Under Const. 1921, art. 7, § 10, and article 19, § 9, Supreme Court cannot review, as undisputed facts, testimony of defendant's witnesses, which district judge discredited in misdemeanor trial.

3. Intoxicating liquors ☞169—Driver of rum runner's car need not have left starting point in same car with him to be confederate.

Driver of automobile, used by confessed rum runner for transporting intoxicating liquor, need not have left starting point in same car with latter to make former a confederate; it being sufficient if he joined him later at point on way.

4. Intoxicating liquors ☞236(4)—Evidence held to warrant conclusion that driver of rum car joined owner at necessary and convenient point on road to accompany him to destination.

In trial for transporting intoxicating liquor, evidence held to warrant conclusion that defendant, who was driving car at time of accident leading to arrest, joined owner, a confessed rum runner, at necessary and convenient point on road, to accompany him to destination, and was not picked up as pedestrian and given ride for short distance.

5. Criminal law ☞1158(1)—Trial judge's refusal to accept testimony as to ignorance of presence of intoxicants therein held not arbitrary, so as to warrant review.

Trial judge's refusal to accept testimony of driver and owner of automobile that former did not know of presence of intoxicating liquor therein held not merely arbitrary, nor wholly unjustified by evidence, so as to authorize Supreme Court to review their testimony as undisputed facts.

6. Criminal law ☞553—Trial judge may consider defendants' interest in determining credibility of their testimony.

In trial for transporting intoxicating liquor, judge had right to consider interest of defendant driver and codefendant owner in determining credibility of their testimony as to former's ignorance of presence of liquor in car.

**7. Criminal law ⊚⟶1159(2)—Sufficiency of evidence will not be reviewed, if there is any evidence warranting conviction.**

Supreme Court will not review sufficiency of evidence, if there is any evidence of fact essential to conviction.

**8. Criminal law ⊚⟶549—"Evidence," as distinguished from "proof," may be false and without probative value.**

"Evidence" differs from "proof" in that former may be false and of no probative value.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Evidence; Proof.]

**9. Intoxicating liquors ⊚⟶236(11)—Intent to sell intoxicating liquor may be deduced from circumstantial evidence.**

Intent to sell intoxicating liquor may be deduced from direct or circumstantial evidence.

**10. Intoxicating liquors ⊚⟶236(20)—Guilty knowledge or wrongful intent in transporting intoxicating liquor may be established from facts and circumstances.**

Guilty knowledge or wrongful intent as to transportation of intoxicating liquor for beverage purposes may be established from all facts and circumstances, though such knowledge is denied by defendant, and there is no direct testimony as to his knowledge.

**11. Intoxicating liquors ⊚⟶239(4)—Court's refusal to charge itself to acquit, if defendant had no knowledge of whisky in car he was driving, held erroneous.**

In trial for transporting intoxicating liquor, court should have granted request to charge itself to find defendant not guilty, if he had no knowledge of whisky being in back end of car he was driving, "as the facts seemed to indicate."

**12. Criminal law ⊚⟶1173(3)—Court's refusal to charge itself to acquit, if defendant had no knowledge of whisky in car he was driving, held not reversible error, in view of finding that he did know.**

In trial for transporting intoxicating liquor, court's refusal to charge itself to find defendant not guilty, if he had no knowledge of whisky being in car he was driving, *held* not reversible error, where judge found, as fact, that defendant did know of presence of whisky.

**13. Intoxicating liquors ⊚⟶224—Burden was not on defendant to prove his ignorance that car he was driving contained intoxicating liquor.**

In trial for transporting intoxicating liquor, burden was not on defendant to prove that he had no actual knowledge that car he was driving contained liquor.

**14. Criminal law ⊚⟶1173(3)—Court's refusal to charge itself to acquit, if defendant did not know of whisky in car he was driving, held not reversible error, in view of statement that evidence convinced court that he did know.**

Court's refusal to charge itself to acquit, if defendant had no knowledge of whisky being in car he was driving, on ground that burden of proving that he did not have such knowledge was on him, *held* not reversible error, in view of court's statement, immediately following, that evidence, all taken together, convinced him that defendant did know.

**15. Criminal law ⊚⟶26—"Crime" cannot exist without combination of criminal act and intent, or intentional doing of wrongful act.**

No "crime" can exist without combination of criminal act and criminal intent, or intentional doing of wrongful act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Crime.]

**16. Intoxicating liquors ⊚⟶131—Statute does not make transportation of intoxicants under particular circumstances criminal, so as to charge party with criminal intent (Hood Act, § 1).**

Hood Act, § 1 (Act No. 39 of 1921 [Ex. Sess.]), does not make transportation of intoxicating liquor under particular circumstances a crime, so as to charge party with criminal intent; prohibition being general in character.

**17. Criminal law ⊚⟶20—"Criminal intent" is only intent to do act without justification or excuse, if prohibited on pain of punishment.**

Where act is prohibited on pain of punishment, "criminal intent" is no more than intent to do the act, if wrongdoer is capable of entertaining intent and acts without justification or excuse.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Criminal Intent.]

**18. Criminal law ⊚⟶24—Intent is generally inferred from commission of act.**

Intent is generally inferred from commission of act, as manifested by facts and circumstances connected with perpetration of offense.

**19. Criminal law ⊚⟹568—Wrongful intent must be established beyond reasonable doubt by direct or circumstantial evidence.**

Essence of every offense being wrongful intent with which done, intent must be established beyond reasonable doubt by direct or circumstantial evidence.

**20. Criminal law ⊚⟹1064(5)—Motion for new trial on ground that verdict is contrary to law and evidence presents nothing reviewable.**

Motion for new trial on ground that verdict is contrary to law and evidence presents nothing for review by Supreme Court.

O'Niell, C. J., and Brunot and Thompson, JJ., dissenting.

Appeal from Third Judicial District Court, Parish of Lincoln; S. D. Pearce, Judge.

Ed Howard was convicted, and W. A. Russell pleaded guilty, of transporting intoxicating liquor for beverage purposes, and defendant Howard appeals. Affirmed.

Barksdale, Warren & McBride, of Ruston, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

LAND, J. The defendant Howard is jointly indicted with W. A. Russell for the transportation of intoxicating liquor for beverage purposes.

Russell pleaded guilty and was duly sentenced. Howard, after plea of not guilty, was tried and convicted.

On appeal, the defendant complains of the refusal of the trial judge to be governed by two special charges, which it is contended are applicable to the facts of the case.

The court was asked to charge itself:

"(1) That if Howard had no knowledge of the whisky being in the back end of the coupé, as the facts seemed to indicate, it is the court's duty to find the defendant not guilty.

"(2) In order for the defendant to be found guilty there must be some evidence going to show that the defendant had actual knowledge of the presence of the liquor in this third person's car which he was driving."

The bill reserved contains the testimony of the sheriff of Lincoln parish, of the defendant Howard, and of his codefendant, Russell.

In his testimony, Russell exonerates Howard of all guilt in connection with the transportation of the liquor, consisting of from 60 to 75 quarts of whisky.

Russell states that he brought the liquor from New Orleans in his car, and was transporting it to El Dorado, Ark.; that he met Howard, for the first time, while crossing the Mississippi river in a ferry boat at Natchez; that Howard was on his way to Smackover, Ark., and, at his request, was allowed to ride in the car. Russell declares that Howard knew nothing of the presence of the liquor in the car, which was overturned in an accident near Ruston, while Howard was driving it; both of the occupants of the car being injured.

Howard testifies that he had never known Russell prior to their meeting on the ferry boat; that he was on his way to Smackover, in search of work, and, at Howard's request, Russell agreed to give him a ride.

Howard denied any knowledge of, or connection with, the liquor in the car. Russell accounts for Howard's driving the car by the statement that he, Russell, was worn out by an all night drive from New Orleans, and requested Howard to relieve him.

The sheriff testifies that he was called to investigate an automobile accident near Ruston; that he went to the scene and there found 60 to 75 quarts of whisky in the back end of a Chevrolet coupé; that, upon being informed that the occupants of the car had been injured in the accident, and had gone to a doctor's office in Ruston, he went to the office of the doctor and arrested the defendants; that the arrest was made about an hour after the accident, and that he, the sheriff, neither saw nor observed anything

to indicate that either of the men arrested had been drinking; that Russell had told him in the presence of Howard that Howard was driving the car at the time of the accident; and that Howard made no denial of Russell's statement. The state offered no other evidence.

However, the trial judge, in our opinion, emasculated the bill by the following statement in his per curiam:

"Taking into consideration all of the facts and circumstances testified to by the two accused parties, in connection with the testimony of the sheriff of Lincoln parish, the court believes and is convinced that defendant Howard *did* know that there was whisky in the car he was driving when the car was wrecked; and the court believes that both of the accused parties testified falsely when they testified that Howard knew nothing about there being whisky in the car. The court believes that both of the accused parties are rum runners, and were engaged in that undertaking when their car was wrecked in Lincoln parish, and was found to contain a large quantity of intoxicating liquor. Defendant Howard had driven the car from Rayville to Choudrant, a distance of 50 or more miles, and had ridden in the car with Russell from Natchez, Miss. But even if Howard did not have actual knowledge that the car contained a cargo of liquor, as claimed by him, the burden of proof of that fact rests upon him. The testimony did not convince the court that he did not know it. On the contrary, the evidence all taken together convinces the court that he did know it. In its refusal to give the second special charge requested, the court is guided by what it deems to be the jurisprudence of the Supreme Court of the state in such cases. He is presumed to know what he was doing and to have intended to do what he was doing, viz. transporting intoxicating liquors. See State v. Dowdell, 106 La. 650, 31 So. 151; State v. Cain, 106 La. 713, 31 So. 300; State v. Quinn, 131 La. 494, 495, 59 So. 913.

"The court repeats that the taking the evidence all together and weighing it fairly and impartially, it is sufficient to justify the conviction of defendant Ed Howard. Furthermore, the offense charged is a misdemeanor, and the act of one of the parties participating in it is the act of all."

[1] On the trial of misdemeanors, a district judge discharges dual functions, and is not only the exclusive judge of the law, but also the exclusive judge of the facts, the weight and sufficiency of the evidence, and the credibility of the witnesses. State v. Whittaker, 152 La. 639, 94 So. 144.

[2] The trial judge has declared in his per curiam that, in his opinion, the defendant Howard and his codefendant, Russell, swore falsely in stating that Howard was ignorant of the fact that there was a cargo of whisky in the car. He has passed upon the credibility of these witnesses and discredits their testimony as to Howard's want of knowledge as to the presence of liquor in the automobile which he was driving.

This court is without any authority, under its criminal appellate jurisdiction as to questions of law, to declare that it differs from the district judge, and believes that these witnesses swore truthfully, and, therefore, that it will review their testimony as undisputed facts in the case. Const. 1921, art. 7, § 10, and article 19, § 9.

In other words, there is a clear disagreement between the judge a quo and counsel for the defendant as to the facts of the case. The contention of the judge is that the evidence, as appreciated by him, shows that both defendants were confederates in a rum-running undertaking, a finding of facts which necessarily includes the further finding as to the guilty knowledge or criminal intent of Howard; while counsel for defense, on the other hand, insist upon our considering the testimony of defendant and his witness, and taking the opposite view of the facts.

[3] There can be no question in the case as to the defendant Russell being a rum-runner, as he has confessed it. It was not necessary that Howard should have left the city of New Orleans with Russell in the same car, in order to make him a confederate. He could easily have joined Russell at Natchez, Miss. It was the point reached by Russell after an all night drive, and at a time that

he needed relief, as he was worn out by the long·trip.

[4]· That the two men in the rum car had joined each other at a necessary and convenient point on the road is a reasonable, rather than an unreasonable, conclusion which may be drawn in the case. Howard was not picked up by Russell as a pedestrian on the highway and given a ride for a short distance. He was to accompany Russell from Natchez, the meeting·point, to El Dorado, the destination of the rum car.

[5, 6] Howard was in the car with Russell all the way from Natchez, Miss., and had driven the car 50 miles or more, from Rayville to Choudrant, when the accident occurred. It is not disputed that the car contained a large quantity of liquor, which was to be sold at El Dorado.

It cannot be contended, therefore, that the· refusal of the trial judge to accept the testimony of Howard and Russell in this case as true was merely arbitrary action upon his part, and wholly unjustified·by the facts and circumstances of the case. He had a right to consider the interest of Howard and his codefendant in testifying in the case, and his conclusion is that their testimony is a "frame-up." There is some evidence to connect Howard with Russell in ·the transportation of the liquor. Whether such evidence will satisfy all judicial minds of guilt beyond a reasonable doubt presents merely a question as to its sufficiency.

[7] It is well settled that the Supreme Court will not review the sufficiency of the evidence, if there was any evidence at all of a fact essential to· conviction. State v. Tyler, 150 La. 131, 90 So. 538.

[8] There is a vast difference between evidence and proof. The one convinces, while the other may be false, and of no probative value whatever.

[9] The intent to sell intoxicating liquor may be deduced either from direct or circumstantial evidence. State v. Prophet, 157 La. 550, 102 So. 666; State v. Davis, 160 La. 548, 107 So. 402.

[10] Guilty knowledge, or wrongful intent, as to the transportation of intoxicating liquor for beverage purposes, may be established from all the facts and circumstances of the· case, although such knowledge is denied by· a defendant, and although there is no direct testimony as to his knowledge in the case. Desty Am. Cr. Law, § 6a.

[11, 12] The judge a quo refused the first special charge. He found,_however, as a fact on the trial, that Howard did know of the· presence of the whisky in the car. While the requested charge should have been granted, we find no reversible error in its refusal, as the principle of law which defendant sought to have applied to the case was applied in fact on the trial.

[13, 14] We do not concur in the alternative reason for refusing the first special charge that—

"Even if Howard did not have actual knowledge that the car contained a cargo of liquor, as claimed by him, the burden of proof of that fact rests upon him."

However, immediately following, and in connection with, this statement, we find the following:

"The testimony did not convince the court that he did not know; on the contrary, the evidence all taken together convinces the court that he did know it."

The verdict, therefore, was not founded upon the failure of defendant to discharge his supposed burden as to proof of no knowledge on his part as to the presence of liquor in the car, but upon affirmative evidence as to defendant's guilty knowledge, or wrongful intent, as shown by "the evidence all taken together."

The second special charge, that "there must be some evidence going to show that the defendant had actual knowledge of the presence of the liquor in this third person's car

which he was driving," was refused on three grounds:

(1) That "he [defendant] is presumed to know what he was doing and to have intended to do what he was doing, viz. transporting intoxicating liquors. See State v. Dowdell, 106 La. 650, 31 So. 151; State v. Cain, 106 La. 713, 31 So. 300; State v. Quinn, 131 La. 495, 59 So. 913."

(2) "The court repeats that, taking the evidence all together and weighing it fairly and impartially, it is sufficient to justify the conviction of the defendant Ed Howard."

(3) "Furthermore, the offense charged is a misdemeanor, and the act of one of parties participating in it is the act of all."

The Dowdell, Cain, and Quinn Cases, above cited, have no application to the case at bar.

In the Dowdell Case, the defendant was charged with "shooting at the dwelling house of Turner Lawson, where he, the said Turner Lawson, and his family, were at the time residing."

The court merely held in that case that shooting at a dwelling house in which persons were residing was deemed so perilous or injurious as to justify the Legislature in making the doing of that act per se a crime without a reference to intent, motive, purpose, or knowledge.

The facts in the Dowdell Case show that the defendant intentionally shot at Lawson while standing on the gallery of his own dwelling; his family being at home. The court held that—

"The shooting 'at the house' and the 'shooting at Lawson' were concurrent, simultaneous, illegal acts. Each separately was subject to indictment. It cannot be claimed that legal responsibility for 'shooting at the house' was lost because in 'so shooting' the intent was to shoot at a person in the house. The district attorney elected to make the shooting at the house (the lesser crime) the object of the prosecution." 106 La. at page 650, 31 So. 153.

[15] As the defendant in shooting at Lawson on the gallery of his house committed an unlawful act, separate and apart from the shooting at the house, for which he was indicted, the court cites appropriately in the opinion Wharton's Criminal Law, § 87:

"Parties may be criminally responsible for unforeseen consequences, although against their wish, if they ensue from an act which is itself unlawful, and in its original nature wrongful or mischievous."

While no specific intent is required in "shooting at a dwelling house," yet it is legally impossible that any crime at all can exist, without combination of criminal act and criminal intent, or the intentional doing of a wrongful act. Desty's Am. Cr. Law, §§ 5a, 8a.

[16] The Cain Case is a bigamy case. It is held in that case that, if a statute has made it criminal to do any act under particular circumstances, the party voluntarily doing the act is chargeable with the criminal intent of doing it. The Hood Act does not make the transportation of intoxicating liquor under particular circumstances a crime. The prohibition is general in its character. Act No. 39 of 1921 (Ex. Sess.) § 1.

[17] The Quinn Case is a bribery case. It is stated in the opinion in that case that—

"Where an offense is denounced as unlawful by statute, the doing of the act constitutes the offense, and it is unnecessary to allege and prove guilty intent."

That decision clearly means that it is not necessary to allege or prove any specific intent, in cases in which the statute does not require it, since, without legal malice, or a wrongful act done intentionally, there can be no crime at all.

"In other words, where an act is prohibited on pain of punishment, criminal intent is nothing more than intention to do the act, provided the wrongdoer is a person capable of entertaining criminal intent, and acts without justification or excuse." Clark's Criminal Law (2d Ed.) pp. 14 and 50.

[18, 19] Intent is generally inferred from the commission of the act, as it is manifested by the facts and circumstances connected with the perpetration of the offense. As the

essence of every offense is the wrongful intent with which it is done, and without which it cannot exist, the intent must be established, either by direct or circumstantial evidence, beyond a reasonable doubt. Desty's Am. Cr. Law, §§ 5a, 6a.

The trial judge, however, did not convict defendant on any presumption of guilt arising from his interpretation of the decisions in the Dowdell, Cain, and Quinn Cases; but, as stated by him in reason No. 2 for refusing the second special charge, he found defendant guilty, after weighing fairly and impartially all of the evidence in the case, which he considered sufficient to convict.

[20] The motion for new trial, in so far as it is based on the ground that the verdict is contrary to the law and the evidence, presents nothing for review by this court.

The other grounds of the motion, that the trial judge erred in refusing to grant the two special charges requested by defendant, have been already considered and disposed of in this opinion.

As, in our opinion, the evidence tends to show the connection of the accused with the transportation of the liquor, we must decline to pass upon its sufficiency.

Judgment affirmed.

O'NIELL, C. J., and BRUNOT and THOMPSON, JJ., dissent, and O'NIELL, C. J., hands down reasons.

O'NIELL, C. J. (dissenting). If the district judge had not admitted—or approved the statement in the bill of exceptions—that no other evidence whatever was introduced except the testimony of the sheriff and that of Russell and Howard, or if the judge had not approved the statement that no other facts were proven except the facts stated in the bill of exceptions, I would concur in the majority opinion that the question presented would be a question of sufficiency of the evidence of guilt. The Constitution deprives this court of jurisdiction over the question of sufficiency of the evidence of guilt in a criminal prosecution. But, when the trial judge approves the statement in the bill of exceptions that there was no evidence to support a particular and necessary averment in the bill of indictment or information, the question presented is a question of law; id est, whether the defendant could be legally convicted without proof of that particular averment. The bill of information in this case charges that the defendant Howard "did willfully transport intoxicating liquor for beverage purposes." It is conceded in the majority opinion in this case that the district attorney could not legally convict the defendant Howard without proving that he transported the liquor willfully; that is to say, with knowledge that he was transporting intoxicating liquor. And the statement of facts in the bill of exception, approved by the district judge, is that there was no evidence offered to prove that the defendant Howard had knowledge that he was transporting intoxicating liquor. In fact, it is admitted by the judge that the only evidence offered on that subject was the affirmative or positive testimony that he did not know that he was transporting intoxicating liquor when he was driving the other man's automobile.

The important declaration in the bill of exceptions is this declaration, approved by the judge, viz.: "The state offered no other evidence." I quote here the facts stated in the bill of exceptions literally and in full, viz.:

"The sheriff, A. J. Thigpen, testified that he was called to investigate an automobile accident near Ruston; that he went to the scene and there found from 60 to 75 quarts of whisky in the back end of a Chevrolet coupé; that, upon being informed that the occupants of the car had been injured in the accident and had gone to a doctor's office in Ruston, he went to the office of the doctor and arrested Ed Howard and W. A. Russell; that the arrest was made something like an hour after the accident and that he, the sheriff, neither saw nor observed

anything to indicate that either of the men arrested had been drinking; that Russell had told him in the presence of Howard that Howard was driving the car at the time of the accident; and that Howard made no denial of Russell's statement.

"The state offered no other evidence.

"W. A. Russell, who was charged jointly in the bill of information with the defendant Howard (charge being the transportation of intoxicating liquors for beverage purposes) and whose case had been previously disposed of, testified that he, Russell, left New Orleans, La., alone early Wednesday night in a Chevrolet coupé, his destination being El Dorado, Ark.; that in the rear of the car, which was locked, was a number of cases of whisky; that he drove all night and while, crossing the Mississippi river on the ferry boat at Natchez, Miss., Thursday morning, the defendant Howard asked where he was going, and, upon being told El Dorado, Ark., requested that he, Howard, who was en route to Smackover, Ark.. be allowed to ride as far as El Dorado; that he allowed Howard to ride with him; that, having driven all night and being tired, he asked Howard if he could drive a Chevrolet, and Howard having stated that he could, Howard took the wheel; that Howard began to drive while at or near Rayville, La., and when near Ruston the car was overturned, injuring both occupants; that he, Russell, did not know Howard before the day of the accident; that the back of the car was not opened after Howard got in the car, nor was Howard told that there was liquor in the rear of the car; that neither party was drunk nor drinking during the time they were together; that Howard had no way of knowing that there was liquor in the car he was driving at the time of the accident; that after the accident a passing car was hailed and he and Howard went to a doctor's office in Ruston, where they were arrested about an hour after the accident.

"Howard testified that he had not been in New Orleans within a week or 10 days prior to the accident; that he reached Natchez, Miss., a day or two before the accident, looking for work; that, being unable to find work in Natchez, he decided to go to Smackover, Ark., and there look for work; that he went to the ferry boat and made request of autoists on the ferry for a ride in the direction of Smackover, and that, when he approached Russell, Russell agreed to give him a ride; that he did not know Russell prior to the date of the accident; that he was driving the car at the time of the accident; that he did not know there was whisky in the car."

In the per curiam, the judge says that, "taking into consideration all of the facts and circumstances testified to by the two accused parties, in connection with the testimony of the sheriff," he, the judge, believed that the defendant Howard did know that there was whisky in the car that he was driving. The judge admits that there were no other facts or circumstances proven, as the basis for the judge's belief, except "the facts and circumstances testified to by the two accused parties, in connection with the testimony of the sheriff." And so, when the judge says that he did not believe the statement of the defendant and of the owner of the car that the defendant did not know that there was intoxicating liquor in the car, the judge says nothing more or less than that he believed—notwithstanding the evidence in the case—that the defendant did know that there was whisky in the car.

I quote the per curiam literally and in full, viz.:

"Taking into consideration all of the facts and circumstances testified to by the two accused parties, in connection with the testimony of the sheriff of Lincoln parish, the court believes and is convinced that defendant Howard *did* know that there was a whisky in the car he was driving when the car was wrecked; and the court believes that both of the accused parties testified falsely when they testified that Howard knew nothing about there being whisky in the car. The court believes that both of the accused parties are rum runners, and were engaged in that undertaking when their car was wrecked in Lincoln parish, and was found to contain a large quantity of intoxicating liquor. Defendant Howard had driven the car from Rayville to Choudrant, a distance of 50 or more miles, and had ridden in the car with Russell from Natchez, Miss.

"But, even if Howard did not have actual knowledge that the car contained a cargo of liquor, as claimed by him, the burden of proof of that fact rests upon him. The testimony did not convince the court that he did not know it; on the contrary, the evidence all taken together convinces the court that he did know it. In its refusal to give the second special charge requested, the court is guided by what it deems

to be the jurisprudence of the Supreme Court of the state in such cases. He is presumed to know what he was doing and to have intended to do what he was doing, viz., transporting intoxicating liquor. See State v. Quinn, 131 La. 494, 495, 59 So. 913.

"Furthermore, the offense charged is a misdemeanor, and the act of one of the parties participating in it is the act of all.

"Signed and ordered to be filed this 30th day of September, 1926. [Signed] S. D. Pearce, Judge."

I concur in the majority opinion that the burden of proof was not on the defendant Howard, but on the state. The last reason given by the judge for his ruling is a begging of the question, viz.: That the act of one of the parties participating in the offense was the act of both. The very question before the judge was whether the defendant Howard could be convicted of "participating in the offense" without any evidence that he knew that the other man was committing the offense.

The bill of exceptions that was reserved to the overruling of the motion for a new trial presents a clear-cut question of law—not confused with any question of fact whatever—viz.: Can a defendant in a criminal prosecution be convicted legally without any evidence at all of one of the essential facts alleged in the bill of indictment or information? We have ruled consistently heretofore that a question of law is presented for decision, in a bill of exceptions taken to the overruling of a motion for a new trial, when it is stated in the bill of exceptions approved by the judge that there was no proof of one of the essential elements of the crime charged, or of one of the essential averments in the indictment or bill of information. State v. Wilson, 141 La. 410, 75 So. 95, Ann. Cas. 1918D, 789; State v. Wells, 147 La. 822, 86 So. 268; State ex rel. Fernandez v. Perez, 151 La. 526, 92 So. 45; State v. Bush, 156 La. 973, 101 So. 382; State v. Gani, 157 La. 231, 102 So. 318; State v. Giangosso, 157 La. 360,

102 So. 429; State v. Dunnington, 157 La. 369, 102 So. 478.

In State v. Wilson, supra, it was said:

"To set aside the conviction in such a case would not be deciding a question of fact or of sufficiency of evidence, but would be maintaining that a person accused of crime cannot be legally convicted without proof of the commission of the offense."

In State v. Dunnington, supra, after announcing that this court had not jurisdiction over the question of sufficiency of the evidence of guilt, it was said:

"But where there is no evidence at all of a fact essential to a conviction, it becomes a question of law, which this court will consider."

I concede that the district judge alone had the right to judge of the credibility of the two witnesses who testified that the defendant did not know that there was whisky in the automobile that he was driving; but, when the judge concluded that the witnesses were not worthy of belief, it left the judge without any evidence at all before him, as to whether the defendant Howard knew that there was whisky in the car that he was driving, except the testimony of the sheriff, which, it is admitted, tended only to prove that the defendant Howard did not know that there was whisky in the car.

The majority opinion in this case virtually is that a district judge may destroy the right of appeal in a criminal case by stating in the bill of exceptions what he arbitrarily believes from the evidence, when it is admitted that the evidence is all the other way or that there is no evidence at all to prove what the judge believes.

The majority opinion in this case advances a theory tending to demonstrate merely that, in spite of the evidence to the contrary, it is *possible* that the defendant Howard knew that there was intoxicating liquor in the other man's car, which he drove. But the question in this case is: Was it right to convict the defendant without any proof of such

737 STATE v. BURNHAM 738

knowledge on his part? I concede that guilty knowledge may be proven by circumstantial, as well as by direct, evidence. But, although the judge says in the per curiam that his belief is founded upon "all of the facts and circumstances," he qualifies the statement by saying:

"All of the facts and circumstances testified to by the two accused parties, in connection with the testimony of the sheriff."

And those facts and circumstances could not possibly furnish proof of what the judge believed.

Of course, it is possible that the defendant Howard was guilty of the offense for which he must pay the penalty; but, if our judgment is correctly based only on the evidence in the case, and upon all of the evidence that was introduced, or rather upon the admitted lack of evidence on an important averment in the bill of information, a great injustice has been done.