**(112 So. 404)**

**No. 28469.**

**STATE v. MALONE.**

March 28, 1927.

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⟶121(2)—**Refusal to order disclosure of name of main prosecuting witness in prosecution for selling liquor held not error.**

In prosecution for selling intoxicating liquors for beverage purposes, refusal to order state to disclose to defendant name of main prosecuting witness or alleged purchaser *held* not error.

2. **Criminal law** ⟶459—**Testimony of witness, familiar with smell of corn whisky, and who had handled "right smart of it," that sample was corn whisky, held not objectionable as secondary evidence.**

In prosecution for selling intoxicating liquor for beverage purposes, testimony that sample produced was corn whisky, *held* not objectionable as secondary evidence, where witness said he was pretty 'familiar with smell of corn whisky and had handled a "right smart of it."

3. **Criminal law** ⟶398(1)—**Introduction of liquor in evidence is not required in prosecution for violating prohibition laws.**

It is not essential to conviction for violating prohibition laws that liquor should be introduced in evidence, though it may be introduced.

4. **Intoxicating liquors** ⟶238(3) — **Whether contents of jar was corn whisky sold by defendant held fact question for trial court's determination.**

In prosecution for selling intoxicating liquor for beverage purposes, whether contents of jar introduced in evidence was corn whisky and identical whisky sold by defendant is question of fact and exclusively within province of trial judge to determine.

5. **Criminal law** ⟶1158(1)—**Ruling on objection to sheriff's testimony identifying whisky sold because he was not present at sale and label was defaced held not reviewable.**

Objection to sheriff's testimony identifying jar of whisky sold, on ground that he was not present at sale and label put on jar given him by buyer had been defaced *held* not to present any question of law reviewable by Supreme Court.

6. **Criminal- law** ⟶1159(1)—**Supreme Court will not pass on sufficiency of evidence relating to guilt of accused.**

In prosecution for selling intoxicating liquor, Supreme Court will not pass on sufficiency of evidence relating to guilt or innocence of accused.

Appeal from Third Judicial District Court, Parish of Union; S. D. Pearce, Judge.

F. T. Malone was convicted of selling intoxicating liquors for beverage purposes, and he appeals. Affirmed.

H. G. Fields, of Farmerville, for appellant.

Percy Saint, Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

THOMPSON, J. The defendant in this appeal submits five bills of exception on which he relies for a reversal of a conviction and sentence for selling intoxicating liquors for beverage purposes.

[1] The first bill relates to the refusal of the judge to order the state to disclose to the defendant the name of the main prosecuting witness or the alleged purchaser of the beverage.

The objection is sufficiently answered by the ruling in State v. Cryar, 158 La. 502, 104 So. 304, and list of cases therein cited.

The second bill relates to certain questions propounded to the prosecuting witness Grant on the identification of the particular whisky stated to have been purchased from defendant and which was then before the court.

[2] The questions were: (1) Are you familiar with the smell of corn whisky? (2) From what you have handled would you say it was or was not? To these questions the witness answered that he was pretty familiar with the smell of corn whisky, that he had handled a "right smart of it," and that the sample produced was corn whisky.

The objection that the evidence was not the best evidence is clearly without merit.

We have held that evidence that liquor possessed by a person under charge of possession of such liquor for beverage purposes smelled like whisky was admissible as original and primary evidence in corroboration of testimony that it was corn whisky; that such evidence was not opinion evidence; and that it was not required that the intoxicating quality of the liquor should be determined by a chemical analysis. State v. Prophet, 157 La. 550, 102 So. 666; State v. Hollingsworth, 160 La. 34, 106 So. 662.

[3] Indeed, it was said in the last cited case that it was not essential to conviction for violating the prohibition laws that the liquor should be introduced in evidence, citing State v. Herbert, 158 La. 209, 103 So. 742.

"Nevertheless such liquor may be introduced in evidence as part of the proof of the corpus delicti"—citing State v. Gani, 157 La. 235, 102 So. 319.

[4] Whether the contents of the half gallon jar introduced in the instant case was corn whisky and was the identical whisky sold by the defendant to the witness Grant presents, not a question of law, but of fact, exclusively within the province of the trial judge to determine.

The trial judge says that the witness not only identified the liquor sold as whisky, but that it was produced in open court, inspected, and smelled by him; that he was perfectly familiar with the smell of whisky and recognized the article produced as whisky.

[5] The third bill was reserved to the following question propounded to the sheriff, "That is the same jar?" to which the witness answered, "Yes, sir."

The objection as shown by the bill appears to be predicated on the fact that the witness was not present at the time the defendant made the sale, and hence could not from his own knowledge testify that the whisky produced by him was the same whisky sold by the defendant.

It appears that the whisky was turned over to the sheriff by one Prudhomme, one of the purchasers of the whisky from the defendant.

The sheriff posted a label on the jar, "F. T. Malone ½ gallon," for the purpose of identification. This label had been defaced by rats, but the sheriff stated that the jar produced with its contents was the same turned over to him by Prudhomme and which he had marked at the time for identification.

The trial judge was satisfied with the proof of identification by the sheriff, and we fail to find any question of law involved in the objection made.

The fourth bill involves the question of sufficiency of the proof of identification of the jar and its contents introduced in evidence, and we are asked to examine all of the evidence attached to the bill and to decide whether the whisky produced was the whisky the defendant is charged with having sold to Prudhomme and Grant.

[6] The question was purely one of fact relating to the guilt or innocence of the accused of which we have no jurisdiction.

The fifth bill was reserved to the overruling of a motion for a new trial based on the alleged erroneous rulings of the trial judge and that the conviction was not justified under all of the evidence which is attached to the bill.

We have already considered the alleged errors of the judge, and must again decline to pass upon the sufficiency of the evidence to justify a conviction.

The conviction and sentence are affirmed.