**STATE by GROSJEAN, Supervisor of Public Accounts, v. STANDARD PETROLEUM PRODUCTS CO., Inc.**

No. 32152.

Jan. 30, 1933.

Gaston L. Porterie, Atty. Gen., and Peyton R. Sandoz and Justin C. Daspit, Sp. Asst. Attys. Gen. (Carroll Buck, of Amite, of counsel), for applicant.

S. S. Reid, of Amite, for respondent.

OVERTON, J.

The state, through the supervisor of public accounts, brought suit to enjoin defendant from continuing in the business of buying, selling, or distributing gasoline, kerosene, or other motor fuel at the place of business of defendant, located in the town of Amite, for not less than one week and not more than six months, pursuant to the provisions of Act No. 14 of 1932.

The injunction is asked for on the ground that defendant, a dealer in, and distributor of, motor fuel has placed in a tank, inferentially for sale and distribution, gasoline, not measuring up to the standard required by section 6 (should be section 8) of Act No. 14 of 1932, and that another tank, represented to contain kerosene, did not meet the requirements of section 6 (should be section 8) of Act No. 14 of 1932, but ought to be classified and taxed as gasoline. The petition recites that notice to withdraw both the gasoline and kerosene from sale and distribution was served on defendant in accordance with section 14 of the act of 1932, and that tests were made of both, which showed the results above set forth.

An exception of no cause or right of action was filed by defendant. This exception was sustained, which caused the present application for writs to be filed. The exception was sustained on the ground that the petition does not charge that defendant violated the act willfully and knowingly. Whether or not this allegation is necessary is the sole question presented for solution.

The important part of the statutory law bearing upon the question is to be found in section 18 of the act of 1932, the pertinent part of which reads as follows:

"Any person violating the terms and provisions of this Act, by putting or placing in

any tanks, pumps, or other containers, any gasoline, kerosene or other motor fuel contrary to the provisions of this Act, or who shall wilfully use any pump or measuring device which is mechanically inaccurate shall, for the first offense, forfeit the right, for not less than one week nor more than six months, to continue or to engage in the business of buying, selling or distributing gasoline, kerosene or other motor fuel, at the place of business involved. For the second, or subsequent offense, said person shall forfeit the right to engage in said business for not less than three months nor more than twelve months. Said forfeiture, however, shall extend only to the individual guilty of said offense, unless the said individual, be acting as an agent for a principal who knew of and participated in, or knowing of said violation, acquiesced therein. * * *"

▮ It will be observed from the foregoing quotation that it is necessary to allege that the act was willfully done, where it consists of the use of any pump or measuring device which is mechanically inaccurate, which is not this case, and that, where the purpose of the pleader is to extend the forfeiture, which is also not this case, to one who did not actually do the act, such as to a principal for the act of his agent, knowledge and participation, or knowledge and acquiescence is necessary to hold the principal responsible; but when the purpose, which is the case here, is to hold the person or corporation who actually does the act of putting or placing the motor fuel in any tank, pump, or other container, contrary to the provisions of the act, no requirement is made in the provision, and it may be said that none is made elsewhere in the statute, that the act be done either willfully or knowingly or both.

The act is so framed as to make the person or corporation putting the motor fuel in the tank responsible, by charging him with knowledge of its quality, and thereby protecting the public from being imposed upon in the purchase of motor fuel. There is nothing unreasonable in charging the one actually putting the fuel in tanks or pumps for public distribution with knowledge of whether or not it comes up to the requirements of the statute. This, it may be said, is necessary to protect the public adequately and reasonably. One should know what he is selling, and in the sale of motor fuel the seller is in better position than is the purchaser to find out timely what he is selling.

▮ Even in criminal law when a statute makes an act indictable without regard to guilty knowledge, then ignorance of fact, although sincere, is no defense, and the intent with which the act is done is of no consequence. State v. Quinn, 131 La. 490, 59 So. 913; State v. Dowdell, 106 La. 650, 31 So. 151, 153; State v. Southern Ry. Co., 122 N. C. 1052, 30 S. E. 133, 41 L. R. A. 247; Wharton's Crim. Law, § 88; Id. Vol. 1, page 116.

The case of State v. Howard, 162 La. 719, 111 So. 72, cited by the respondent judge, is not contrary to the views here expressed. That was a case in which defendant was charged jointly with another with transporting intoxicating liquor for beverage purposes. The defense was that defendant did not know that there was intoxicating liquor in the automobile, which was being used to transport the liquor. Necessarily, to be guilty, he had to have knowledge that liquor was in the

car, otherwise the intent and knowledge implied in the charge of transporting liquor would not be present. Without such knowledge the defendant could not be a party to the act, and it could not be said that he was transporting liquor in the sense of the statute. If defendant in this case had no knowledge, or if the evidence introduced fails to disclose that it had knowledge, that gasoline or kerosene, without reference to its quality (with which quality defendant is charged with knowledge of by the statute), was put in the tank, then it cannot be said that it put gasoline or kerosene in the tank or pumps whether good or bad.

Our conclusion is that it was unnecessary to allege either knowledge or intent, and therefore the exception should be overruled.

The judgment under review is set aside, the exception of no cause or right of action is overruled, and the case is remanded to be proceeded with in accordance with the views expressed herein; defendant to pay the costs of this application.