## SUPERVISOR OF PUBLIC ACCOUNTS OF LOUISIANA v. BERNARD.*

### No. 14695.

Court of Appeal of Louisiana. Orleans.
Nov. 13, 1933.

Charles J. Rivet, of New Orleans, for appellant.

C. A. Buchler, of Gretna, for appellee.

HIGGINS, Judge.

This is an injunction and abatement proceeding brought by the supervisor of public

*Rehearing denied December 11, 1933. Writ of certiorari denied January 2, 1934.

accounts of the state of Louisiana under the authority of Act No. 14 of the Legislature of 1932.

The pertinent part of the petition reads as follows:

"That Stanley Bernard, who resides in Jefferson Parish, is the operator of the gasoline filling station known as Jefferson Service Station and located at Airline Highway corner of Shrewsbury Road;

"That on or about February 23, 1933, and at other times, said defendant, from the said place of business, did sell and did expose and offer for sale as 'Louisiana Approved Gasoline' certain material below legal specifications, more particularly in that it contained too large a proportion of high boiling point fractions;

"That said inferior gasoline was put into the tanks, pumps and other containers of said filing station contrary to the provisions of Act 14 of 1932."

The defendant filed an exception of no right or cause of action on the ground that the plaintiff failed to allege, as required by the provisions of section 18 of the act, that the defendant put the inferior gasoline in the tanks at his service station, and that the petition only charges the defendant with selling inferior gasoline which is made a criminal offense punishable under section 19 of the act, but is not a civil offense under section 13 thereof which alone authorizes plaintiff to ask for an injunction.

The trial court sustained the exception and dismissed the suit, and plaintiff has appealed.

Section 18 of the act reads in part as follows:

"Any person violating the terms and provisions of this Act, by putting or placing in any tanks, pumps, or other containers, any gasoline * * * contrary to the provisions of this Act, * * * shall, for the first offense, forfeit the right, for not less than one week nor more than six months, to continue or to engage in the business of buying, selling or distributing gasoline, * * * at the place of business involved. * * * Said forfeiture, however, shall extend only to the individual guilty of said offense, unless the said individual, be acting as an agent for a principal who knew of and participated in, or knowing of said violation, acquiesced therein. The said forfeiture shall extend to the right to use the filling station and all tanks, pumps, containers or equipment for the same and like period of time. * * * Provided, however, that if the said dealer does not own the said property or equipment, and is merely renting, leasing or borrowing the same, or is acting as agent for another, said forfeiture will extend to the owner thereof or the principal of such agent when and if the owner of said property or equipment or the principal or [of] such agent,

knew, or had good reason to know, of the said violation by the said person or agent in possession of the said property. * * *"

The section then sets forth the manner in which summary proceedings may be instituted by the supervisor of public accounts against a dealer, who is called upon to show cause why he should not be ordered to cease from the further pursuit of business as a dealer for the prescribed period.

The first paragraph of the petition above quoted sets forth that the defendant is the operator of a gas filling station. The second alleges that he exposed, offered for sale, and sold as "Louisiana Approved Gasoline" gasoline which was below the legal specifications. The third paragraph charges that the inferior gasoline was put in the tanks, pumps, and other containers of the filling station, but, as stated by the counsel for defendant, does not expressly set forth that the inferior gasoline was placed there by the defendant. However, when we consider all the allegations of the petition, there is a strong implication that the inferior gasoline was placed in the tanks by the defendant.

If the defendant found the petition indefinite, his proper remedy was an exception of vagueness which would have afforded the plaintiff an opportunity to amend in case the exception had been sustained. An exception of no cause of action cannot be made to fulfill the functions of an exception of vagueness. Vagueness of a petition is not a cause for the dismissal of a suit. Dronette v. Meaux Bros., 156 La. 239, 100 So. 411; Hammonds v. Buzbee et al., 170 La. 573, 128 So. 520; Stortz et ux. v. N. O. Public Service, Inc. (La. App.) 141 So. 814; Cazeaux v. N. O. Public Service, Inc., 14 La. App. 320, 124 So. 685.

If we accepted the contention of defendant that the act in question is in derogation of common rights and should be strictly construed and that an allegation, to the effect that the inferior gasoline had been placed in the tanks by the defendant, was sacramental, nevertheless the plaintiff would have been entitled to amend. Where an exception of no right or cause of action is leveled at the insufficiency of the allegations of the petition, that exception is the proper one and will be maintained but with leave to amend. Wheeler v. Rodriguez, 13 La. App. 97, 126 So. 715; Francis v. Barbazon, 10 La. App. 55, 120 So. 427; Blake v. Jeff.-St. Chas. Transfer Co., 8 La. App. 310.

Therefore, if the petition is viewed either as a petition which sets forth a cause of action, but which is vague and indefinite or as a petition which does not set forth a cause of action due to insufficiency of allegations, under the established jurisprudence of the state, the plaintiff, in any event, is entitled to amend.

We feel that our learned brother below properly sustained the exception because it appears to us that it is necessary that the petition should state that the defendant placed the inferior gasoline in the tanks, but we are of the opinion that he erred in failing to permit the plaintiff to amend so as to make that allegation. State v. Standard Petroleum Products Co., 176 La. 647, 146 So. 321.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment maintaining the exception of no cause of action, with leave to plaintiff to amend the petition and that this case be remanded to the lower court for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.