PONDER, Justice.
 

 We issued a rule nisi in this case to inquire into the judgment of the district court wherein the defendant was found guilty and sentenced to pay a fine of $75 and costs, and to serve thirty days in the parish prison, in default of the payment of the fine and costs to serve an additional sixty days in jail. The jail sentence was suspended during good behavior.
 

 The defendant was charged in a bill of information in that she: “did entice, aid and permit Cecil Sims, under the age of seventeen years, to visit a place to-wit: The Winnsboro Road Little Club, where spirituous or intoxicating liquors are the principal commodity sold * * The defendant moved for a bill of particulars and in answer thereto the State averred that the defendant “suffered and permitted” the juvenile to remain in the establishment. The defendant then moved to quash the bill of information. The motion was denied by the lower court.
 

 The defendant is contending herein that the lower court erred in refusing her motion to quash the information based on the ground that the bill of information is fatally defective because it did not allege that the defendant
 
 intentionally
 
 did entice, aid and permit the juvenile to enter the club.
 

 It is provided in LSA-R.S. 14:92 that “Contributing to the delinquency of juveniles is the intentional enticing, aiding, or permitting, by anyone over the age of seventeen, of any child under the age of seventeen to : * * * (3) Visit any place where spirituous or intoxicating liquors are the principal commodity sold or given away * * *. Lack of knowledge of the juvenile’s age shall not be a defense. * *
 

 Under the provisions of LSA-R.S. 15 :227, “The indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the
 
 *923
 
 statute creating the offense, or words un- - equivocally conveying the meaning of the statute, be used.”
 

 It is provided in LSA-R.S. 14:10, subdivision (2), that: “General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.” LSA-R.S. 14:11 provides that “The definitions of some crimes require a specific criminal intent, while in others no intent is required. Some crimes consist merely of criminal negligence that produces criminal consequences. However, in the absence of qualifying provisions, the terms ‘intent’ and ‘intentional’ have reference to ‘general criminal intent’.”
 

 LSA-R.S. 15:234 provides “No indictment shall be held insufficient for want of the averment of any matter unnecessary to be proved, nor for the omission of the words ‘as appeal's from the record,’ or of the words ‘with force and arms,’ or the word ‘intentionally,’ or of the word ‘unlawfully* * ^ *.**
 

 Enticing, aiding, and permitting are intentional acts according to the following definitions: The word “enticed” is defined in Webster’s New International Dictionary, Second Edition, as follows: to incite or instigate; to allure; attract; to lead astray, to induce to evil; to tempt. The word “aid” is defined therein as follows: to lend assistance, to avail or be of use; to help; assist. The word “permit” is defined therein as follows: to allow the act or existence of; to tolerate; to consent to expressly or formally; to grant leave for or the privilege of; to authorize; to give leave.
 

 As we take it, the manner in which the word “intentional” is used in the statute denotes general criminal intent and under the law does not have to be alleged in the bill of information. LSA-R.S. 14:10; LSA-R.S. 14:11; State v. Howard, 162 La. 719, 111 So. 72; State v. Fulco, 194 La. 545, 194 So. 14.
 

 Where a statute makes an act indictable without regard to guilty knowledge, intent with which the act is done is immaterial. State by Grosjean v. Standard Petroleum Products Co., 176 La. 647, 146 So. 321, 322. In that case this Court said: “Even in criminal law when a statute makes an act indictable without regard to guilty knowledge, then ignorance of fact, although sincere, is no defense, and the intent with which the act is done is of no consequence. State v. Quinn, 131 La. 490, 59 So. 913; State v. Dowdell, 106 La. [645] 650, 31 So. 151, 153; State v. Southern Ry. Co., 122 N.C. 1052, 30 S.E. 133, 41 L.R.A. [246] 247; Wharton’s Crim. Law, § 88; Id. Vol. 1, page 116.”
 

 
 *925
 
 This view is fortified by the fact that under the provisions of LSA-R.S. 15:234 the bill of information cannot be held to be insufficient for the omission of the word “intentionally”. It is further fortified by the fact that the word “permit” as defined is an intentional act within itself. Furthermore, LSA-R.S. 14:92 provides that lack of knowledge of the age of the juvenile is no defense thus evidencing the fact that the intent with which the act is done is of no consequence.
 

 The defendant contends that the lower court erred in overruling her motion for a new trial based on the ground that she was not present at the time the juvenile entered the premises. There is testimony in the record that she was present at the time the juvenile entered the premises when an employee of hers examined the drivers license of the juvenile showing him to be 16 years of age. The age of the juvenile was proven to be 16 years. The defendant contends that the juvenile entered under a forged instrument showing his age to be over 17 years of age. Since there is evidence in the record to the contrary, this Court is prohibited from inquiring into the sufficiency of the evidence.
 

 The defendant further contends that the court erred in overruling her motion in arrest of judgment. The motion for arrest of judgment is based on the ground that the record contains manifest errors without alleging what the errors consisted of. Upon examination, we find
 
 no
 
 errors and none have been pointed out to us.
 

 For the reasons assigned, the rule to show cause is discharged and the writs are denied.