Burin Unemployment Compensation Case.
Erie Resistor Corporation, Appellant, *v.*
Unemployment Compensation Board
of Review.

Argued November 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Irving Olds Murphy,* with him *Gifford, Graham, MacDonald & Illig,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., December 14, 1960:

The claimant was last employed by the Erie Resistor Corporation, 644 West 12th Street, Erie, Pennsylvania. Her last day of work was March 31, 1959,

upon which date a work stoppage occurred at the plant due to a labor dispute. Claimant had been on picket duty since the beginning of the strike and was so engaged on April 10, 1959.

On the same date Priscilla Boles, who was employed in the Diode Department, which was not part of the bargaining unit on strike, became ill at work. Her supervisor, Joan Dombrowiak, and another co-worker, Janet Kopes, accompanied the ill employee to the nurse's office on the opposite side of 12th Street. After leaving the nurse's office, Joan Dombrowiak and Janet Kopes intended to return to the plant. They attempted to enter at the main gate but were stopped by pickets. They tried another gate but that was also blocked by pickets. They then proceeded to a place where they intended to call their supervisors and report the situation. It is their testimony that they were followed by claimant and three other pickets. Both girls became frightened and ran in different directions. Joan Dombrowiak attempted to take refuge in a gas station. While she was pushing the door open, claimant, accompanied by the three other pickets, came up from behind and claimant struck her on the back. When she was safely inside she telephoned her supervisor and someone from the plant was sent to pick her up. She had a bruise on her back which when examined by the plant nurse had become discolored. When the incident was reported to the management, claimant was discharged.

The claimant denies that she struck Joan Dombrowiak or that she had ever seen her before the date of the hearing. She further contends that the reason for her unemployment was that she was replaced while on strike and was not recalled after the termination of the labor dispute on June 26, 1959.

The Bureau of Employment Security rendered a decision holding the claimant eligible to receive bene-

fits effective as of the date of the termination of the strike under the Unemployment Compensation Law. Erie Resistor Corporation appealed the Bureau's decision, and the Referee reversed on the ground that the claimant was guilty of willful misconduct in connection with her work and was accordingly disqualified under §402(e) of the law. The claimant then filed a further appeal with the Board of Review, which reversed the Referee and found as a fact that the claimant was replaced and was never recalled to work subsequent to the termination of the strike and was therefore eligible for benefits.

This Court has repeatedly held that findings of fact by the Board of Review will be conclusive only if they are supported by substantial evidence. *Stillman Unemployment Compensation Case*, 161 Pa. Superior Ct. 569, 56 A. 2d 380. The "substantial evidence" required to support findings of an administrative agency is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and more is required than a mere scintilla of evidence or suspicion of the existence of a fact to be established. *Pennsylvania State Board of Medical Education and Licensure v. Schireson*, 360 Pa. 129, 61 A. 2d 343.

From an examination of the record, we are convinced that the evidence can not support the findings of the Board without a determination of the issue of whether the claimant struck another employee.

Here the Referee heard the witnesses, observed their demeanor, and listened to the arguments of counsel; and, after carefully reviewing the testimony, he concluded that the evidence presented by the Company was the more credible. The Board of Review did not hear any testimony or see the witnesses; however, it capriciously vacated the Referee's findings of fact and substituted its own. There was considerable testimony before the Referee on the alleged attack by the claim-

ant upon Joan Dombrowiak, which, apparently, the Board ignored completely. On appeal the Board made no finding on this controversial point but, without giving any reasons for its decision, arbitrarily found that the claimant had been replaced and not recalled. It never discussed or commented on the pivotal factual question of whether claimant made the alleged attack. It did not consider the legal question of whether this conduct was in connection with the claimant's work. It is our conclusion that a proper disposition of this case demands findings of fact by the board on the issue which it apparently has ignored in its determinations. It is therefore unnecessary to consider in this opinion the question of the right of a striking employee to unemployment compensation upon replacement.

The decision of the Unemployment Compensation Board of Review is reversed and this case remanded to the Board with the direction to make specific findings of fact in accordance with this opinion.

Decision reversed and remanded with directions.