## Craft Unemployment Compensation Case.

Argued April 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Duane Craft*, appellant, in propria persona, submitted a brief.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., June 15, 1961:

In this unemployment compensation appeal the Bureau of Employment Security denied benefits to the appellant under the provisions of §402(e) of the Unemployment Compensation Law, 43 PS §802(e), in that his separation was due to willful misconduct. The referee, on appeal, affirmed the denial of benefits but modified the decision in holding the disqualification to be due to violation of the provisions of §402(b)(1) of the Unemployment Compensation Law, 43 PS §802-(b)(1), in that the appellant voluntarily terminated his employment without cause of a necessitous and compelling nature. The Unemployment Compensation Board of Review affirmed the referee.

Duane Craft, the claimant, was last employed as a meat cutter by the Atlantic & Pacific Tea Company, North East, Pennsylvania, on April 27, 1960. On that day he was discharged for having thrown a pail of water on a fellow workman. Subsequently, the claimant's union interceded with his employer and it was agreed that he would be rehired. He was given the choice of returning to work at the store at North East or accepting a transfer to a store in Corry, Pennsylvania. He did not report for work at either location.

The facts so found were supported by competent testimony and are binding on this Court. *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452 (1958). The testimony of the claimant and his employer was in conflict as to the facts of reinstatement but it is the function of the Board to pass upon the credibility of the witnesses. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955).

There are no circumstances in this record that would indicate that this appellant had a compelling or necessitous reason for leaving his employment. The argument of the claimant seems to be that he was never

reinstated so didn't leave his job voluntarily. The ultimate fact finder did not believe this but, as indicated by the decision of the Bureau, if it had been believed, he would then be barred from benefits because his discharge was the result of willful misconduct under the provisions of §402(e), supra.

Decision affirmed.