HAMITER, Justice.
In a bill of information, filed in the Juvenile Division of the Fourteenth Judicial District Court in and for Calcasieu Parish, Rena Helen Allen was charged with violating LRS 26:285 (3) in that she did intentionally entice, aid and permit certain named minors, under the age of seventeen years, to visit a place where alcoholic beverages are the principal commodity sold and given away.
Following her conviction and sentence the defendant requested and obtained the in *408 stant appeal, she relying here on three hills of exceptions.
Bill Number 1 relates to the court’s overruling of a motion to quash wherein the defendant contended that this prosecution constituted double jeopardy by reason of the fact that previously the City of DeQuin-cy, through its Mayor and Commissioners, had conducted a hearing on the charge set out in the bill of information, at the conclusion of which her city retail dealer’s license was revoked. The bill is without merit.
In his per curiam to bill Number 1 the district judge properly states: “ * * * this prior hearing by the City of DeQuincy was an administrative procedure exercised by the City Council of DeQuincy for the purpose of regulating this type of outlet through its license revocation authority, which proceeding is informal in nature and is not conducted by a court nor is a penalty, within the legal meaning of that word, imposed as a result of the hearing. The fact that the reason for the revocation may have been a violating of the criminal laws of our State, does not mean that the criminal courts of the State cannot subsequently hear the criminal portion of the matter and impose the criminal penalty * * *. This Court takes the position that the proceedings by the City of DeQuincy were civil and not criminal in nature and, thus, were not in violation of the double jeopardy law of our State as having not constituted former jeopardy as provided by R.S. 15 :279.” The reasoning and ruling of the judge are amply supported by our recent decision in State v. Turner, 241 La. 94, 127 So.2d 512. See also Louisiana State Board of Medical Examiners v. Booth, 76 So.2d 15 (Court of Appeal, Certiorari denied).
Bill Number 2 was taken to the court’s overruling of defendant’s plea to the jurisdiction ratione materiae of the Juvenile Division of the Fourteenth Judicial District Court.
With respect to the jurisdiction of juvenile courts Article 7, Section 52, of the Louisiana Constitution contains a provision, among others, reading: “The said Courts shall have jurisdiction * * * of the trial of all persons charged with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral or mental well-being of children under seventeen years of age, not punishable by death or hard labor. * * * ” And LRS 26:285(3), with the violation of which the defendant is charged, provides: “No person holding a retail dealer’s permit and no servant, agent, or employee of the per-mittee shall do any of the following acts upon the licensed premises:
* * * * * *
“(3) Intentionally entice, aid, or permit any person under the age of seventeen years to visit any place where alcoholic beverages are the principal commodity sold or given away.”
Conceding arguendo that the provisions of LRS 26:271 to 304 have as their primary purpose the regulation and taxation of the liquor industry (as defense counsel suggest), nevertheless it is crystal clear that the above quoted LRS 26:285(3) was particularly enacted in the interest of protecting the physical, moral and mental well-being of children. Moreover, commission of the conduct therein prohibited is denounced as a crime under the penal provisions of the statute. LRS 26:285 (last paragraph). Additionally, LRS 26:290 recites: “The revocation or suspension of a permit is in addition to and not in lieu of or limitation of any other penalty imposed by law.”
Consequently, under the specific language of the constitutional provision above quoted the Juvenile Division of the Fourteenth Judicial District Court was vested with jurisdiction of the offense charged herein.
Bills of exceptions Numbers 3, 3A and 3B present only one issue. Therein the defendant complains of the court’s ruling- *409 in permitting three witnesses to testify to their having seen the minors involved visit the defendant’s establishment on occasions other than during August 12, 1962, the latter date having been specified in an answer to a motion for particulars as being the time when the offense charged was committed. In the bills the defendant notes that “ * * * any evidence with reference to minors being in the premises other than the night of August 12, 1961, was irrelevant, immaterial and very prejudicial.”
In his per curiam to these bills the judge states: “The Court permitted this testimony to be elicited by the District Attorney for the reason that this testimony could be admitted to show the intent necessary to constitute the offense in question. This Court finds that this type of evidence is admissible to show intent in that it would show that the defendant was acquainted with these minors * * * and knew or should have known that they were of the young ages of fifteen and sixteen. The State of Louisiana is under a duty to establish that the defendant did intentionally aid or permit such a person to visit the licensed premises where these alcoholic beverages were the principal commodity sold. The defendant was not being prosecuted for the prior visits nor was that evidence admitted for the purpose of establishing prior offenses or other offenses than those which were charged in the bill of information in this case.”
LRS 26:285(3), as aforeshown, forbids the holder of a retail liquor license from “intentionally” enticing, aiding or permitting any person under the age of seventeen years to visit on premises where liquor is sold. While an intent specific in nature may not be contemplated by such provision (as defense counsel urge) certainly the state is required to show general intent to violate the announced prohibition, at least by circumstances indicating “that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act”. LRS 14:10(2) and State v. Hardy, 232 La. 920, 95 So.2d 499. And it is provided in LRS 15 :445 and 446 that “In order to show intent evidence is admissible of similar acts, independent of the act charged * * and that “When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent * * See also State v. Wagner, 229 La. 223, 85 So,2d 272 and State v. Blankenship, 231 La. 993, 93 So.2d 553.
In view of the aforementioned statutory provisions and jurisprudence we are of the opinon that the judge did not err in admitting the complained of testimony to show defendant’s intent.
For the reasons assigned the conviction and sentence are affirmed.