500

Jones Unemployment Compensation Case.

Argued December 13, 1967. Before WATKINS, MONT-GOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., and WRIGHT, J., absent).

*Samuel Dashiell,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *William C. Sennett,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION PER CURIAM, March 15, 1968:
Decision affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
The claimant was employed by Yale and Towne, Inc. for a period of two years as a welder. On December 23, 1966, he became involved in a fight with a truck driver, of another employer, who was delivering supplies to the claimant's employer. The fight occurred about 3:40 p.m. in the parking lot of claimant's employer. As a result of the fight the truck driver was hospitalized.

Claimant was suspended from his job on January 6, 1967, because of this altercation. As a result of a

conviction,[1] for assault and battery and aggravated assault and battery, claimant's suspension was converted into a permanent discharge.

The claimant's application for unemployment benefits was denied by the referee on the ground that he was ineligible to receive them under the provisions of §402(e) of the Compensation Law. The Board affirmed the referee's findings. This appeal followed.

Section 402(e) provides in pertinent part that an employee shall be ineligible for compensation for any week: "(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct *connected with his work*, . . ." [Emphasis added]

The referee's reasoning, following his findings of fact, was that "Fighting on company property was a breach of duty to the employer and conduct so inimical to the employer's best interests that discharge was the natural result. Therefore, claimant is disqualified from receiving benefits under the provisions of section 402(e) of the Law."

A review of the several cases under this provision does not reveal any similar circumstances to the case at bar. In these decisions, the suspension or discharge for wilful misconduct resulted from work-connected activities. For example, throwing a pail of water on a fellow workman was justification for discharge. *Craft Unemployment Compensation Case,* 195 Pa. Superior Ct. 275, 171 A. 2d 553 (1961). Conduct specifically in disregard of company rules, such as taking a personal automobile into a garage and washing it during

---

[1] On January 10, 1967, claimant was arrested and charged with assault and battery, aggravated assault and battery, and assault with intent to kill. He was tried without a jury on May 11, 1967, and found guilty of assault and battery and aggravated assault and battery, but found not guilty of assault with intent to kill. He was sentenced to two years probation.

working hours, has been held sufficient to support discharge and refusal of unemployment benefits. *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A. 2d 410 (1958). Deliberate attack upon a supervisor is capable of sustaining a denial of benefits. *Thorne Unemployment Compensation Case,* 167 Pa. Superior Ct. 572, 76 A. 2d 485 (1950).

In the instant case, however, there was no finding as to whether the attack occurred during the working day or in any way resulted from the claimant's tasks as an employee. In my view, these facts must be found before we can determine, as a matter of law, whether the "wilful misconduct" was *"connected with his work."* As Flood, J., dissenting in *Cadden Unemployment Compensation Case,* 195 Pa. Superior Ct. 159, 169 A. 2d 334 (1961), stated: "An employer may require that his employees be exemplary citizens off the job as well as on . . . But a fall from grace does not disqualify the unfortunate sinner from receiving unemployment compensation upon his discharge *unless his dereliction is connected with his work."* at 164 [Emphasis added]; see also *Burin Unemployment Compensation Case,* 194 Pa. Superior Ct. 278, 166 A. 2d 96 (1960).

I would, therefore, reverse the decision of the Unemployment Compensation Board of Review and remand to the Board with the direction to find the facts noted above.