Stanley F. Dancer, Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania State Harness Racing Commission, Appellee.

Argued September 6, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Eugene R. Campbell,* with him *Smith & McCleary,* for appellant.

*Richard J. Orloski,* Deputy Attorney General, with him *John P. McCord,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 28, 1973:

Stanley F. Dancer, an accomplished harness racing driver, was suspended from racing for three days or five drives by the Pennsylvania State Harness Racing Commission (Commission) because of a violation of Rule 18, §1(k) of the Rules and Regulations of the Commission.[1] Dancer drove his horse Super Bowl in the fifth race at Liberty Bell Park on September 16, 1972. This race was "The Colonial," a stake race for three-year-old trotters for a $100,000 purse. Though the stake race imposed no qualifying standards besides payment of the stake and fees, "The Colonial" generally drew the finest three-year-old trotters.

---

[1] "Drivers must set or maintain a pace comparable to the class in which they are racing. Failure to do so by going an excessively slow quarter or any other distance that *changes the normal pattern, overall timing, or general outcome of the race* will be considered a violation of this Section and the judges may impose a penalty which can be a fine, suspension, or both." (Emphasis added.)

The judges at Liberty Bell Park, and the Commission on appeal, based Dancer's suspension on the slow timing of Super Bowl's second quarter in the mile race. His time for the first quarter was 28.4 seconds, for the second quarter 33.3 seconds, for the third quarter 30.2 seconds, and for the last quarter 29.1 seconds. Super Bowl won the race in 2:02 minutes.

The scope of our review in this appeal is prescribed by Section 44 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. §1710.-44, and the adjudication of the Commission must be affirmed unless it was not in accordance with the law or was an arbitrary, capricious, or unreasonable determination due to the absence of substantial evidence to support the findings. *Commonwealth v. Webb*, 1 Pa. Commonwealth Ct. 151, 274 A. 2d 261 (1971).

Upon a review of the entire record in this case, it appears to us that the facts and the testimony here do not provide substantial evidence required to support the Commission's finding that Stanley F. Dancer violated Rule 18, §1(k).

The Commission stressed that Dancer's second quarter, driven in 33.3 seconds, was one of the two slowest quarters driven in that evening's program. There is, however, no showing that he did not maintain a pace comparable to the class in which he was racing, as required by the Rule. Moreover, he won the race and can be said to have bettered the comparable pace.

The Commission has argued that the victory of Super Bowl is no defense to the violation of Rule 18, §1(k), and has asserted that the rule is intended to protect the interest of the betting public by prohibiting driving which will change the general outcome, normal pattern or overall timing of the race. We agree that this clearly is the intent of the rule, but we find no substantial evidence to support the contention that Dancer's second quarter driving did change any one of

the three situations listed: (1) the general outcome, (2) the normal pattern, or (3) the overall timing of the race.

The general outcome of the race was not affected by Dancer's slower second quarter. Super Bowl won the race while Spartan Hanover finished in second place, and the track program, indicating *only* win and place betting on this race, showed that Super Bowl and Spartan Hanover were picked to finish in just that order. Furthermore, not only could a reasonable evaluation of the racing form in the official past performance program also have resulted in that same conclusion, but the Commission expressly negated any dishonesty on Dancer's part, which otherwise might have been thought to have contributed to a manipulated outcome.

Nor was the normal pattern of the race affected, and the film of the race as described in the record and the testimony of William Haughton, driver of Spartan Hanover, both substantiate this proposition. Haughton replied to questioning on this point as follows: "Q. . . . [W]as anybody affected in any way by the pace that Stanley (Dancer) was setting? A. No one had any great hold on anybody. Q. There was open space between all the horses as the film pictures shows? A. Yes." The Presiding Judge at the Liberty Bell Park hearing, David Witten, agreed with this observation in his testimony, too. He clearly conceded that this was not a case of a horse sitting down in front of the field so as to prejudice the trailing horses.

Finally, the overall timing of the race was not changed. Dancer's first quarter time was the second fastest quarter of the night. The disputed second quarter was understandably slower. Nonetheless, the actual time of Super Bowl, 2:02 minutes, was not the slowest run "Colonial." The winning time of the 1970 "Colonial" was 2:03.1, which was also on a fast track. It is important to note here that the Rule does not

require a driver to drive every race to establish records, but merely to run comparable to the class in which he is then racing.

Recognizing the importance of the Commission's functions, Judge CRUMLISH, JR., stated in *Poisson v. State Harness Racing Commission*, 5 Commonwealth Ct. 20, 24, 287 A. 2d 852, 855 (1972) : "The sport, because of its very nature, offers an extraordinary opportunity for private individuals to manipulate its operation to their own advantage. In view of the paramount need for the prevention of this potentiality, it is important that the Commission maintain its vigilance and to proceed vigorously against those who despoil this special trust. But consistent with our system of jurisprudence, the heavy hand must be guided and controlled at all times by adequate supportive evidence."

Likewise in this case, although we realize the public interest served by proper enforcement of Rule 18, §1(k), we do not find substantial evidence in the record to support the Commission's finding that Stanley F. Dancer violated the rule. Therefore, we issue the following

ORDER

Now, September 28, 1973, the order of the State Harness Racing Commission is hereby reversed.