Williams, Appellant, *v.* Civil Service Commission.

Argued April 22, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX, JJ.

*Steven E. Abraham,* with him *Jack E. Feinberg, R. Merle Heffner,* and *Feinberg, Deutsch & McErlean,* for appellant.

*Marx S. Leopold,* Assistant Attorney General, with him *Darius G. C. Moss* and *Sidney V. Blecker,* Assistant Attorneys General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, October 16, 1974:

This case involves the dismissal of appellant, Alfred B. Williams, as a Youth Development Counselor at Youth Forestry Camp No. 3 in Huntingdon County.

An appeal was taken from the order of the Civil Service Commission upholding the removal action of appellant's employer, the Department of Public Welfare. In affirming the Civil Service Commission's order, the Commonwealth Court held that the Commission had before it sufficient evidence to find appellant "grossly negligent" in the performance of his employment duties. We granted allocatur and this appeal followed.

We are now faced with the same issue and scope of review as was the Commonwealth Court, namely whether the Civil Service Commission abused its discretion in affirming appellant's dismissal. In determining this we must decide whether the Commission had before it sufficient evidence to find that appellant's dismissal was for "just cause" pursuant to the Civil Service Act of August 5, 1941, P. L. 752, *as amended,* 71 P.S. §741.807. We believe it did and therefore affirm.

The essential facts are not in dispute. Shortly after midnight on September 20, 1971, appellant discovered three students outside the Youth Forestry Camp dormitory building. He counseled these boys for about two hours during which time they were joined by a fourth boy. Before sending the boys back to bed, appellant discussed the boys' prior history of escapes, and one of the boys admitted he planned to abscond with the other three. On a later checking of the boys, appellant failed to discover that one of the four had not returned to his own bed in another wing and that this same student had taken a vacant bed in the room of the other three boys. Appellant also failed to make certain that the boys had removed their clothing. Shortly thereafter the four escaped by driving away in a stolen camp vehicle. Subsequently they were captured and returned to the camp.

The Commission's review of the preceding incident indicates a concern for appellant's competency and abil-

ity to perform job-related duties. In finding appellant grossly negligent, the Commission found that appellant had performed his duties in reckless disregard of the consequences. Since such dereliction of duty would certainly constitute "just cause" for dismissal, our inquiry must focus on the Commission's determination that appellant was grossly negligent.

Were this a *de novo* adjudication we might be inclined to reach a different result. However, our review is limited by certain well-established rules of administrative agency law. In reviewing a determination properly within the province of an administrative body, *"judicial* discretion may not be substituted for *administrative* discretion even if the reviewing court might have reached . . . a different conclusion in regard to the action taken by the administrative agency."* (Emphasis added.) *A. P. Weaver and Sons v. Sanitary Water Bd.,* 3 Pa. Commonwealth Ct. 499, 510, 284 A.2d 515, 521 (1971). *See also Goodman Appeal,* 425 Pa. 23, 30, 227 A.2d 816, 820 (1967). Our scope of review under the authority of Section 44 of the Administrative Agency Law is limited to looking to errors of law or abuse of discretion as determinative criteria. Act of June 4, 1945, P. L. 1388, *as amended,* 71 P.S. §1710.44. *Wasniewski v. State Civil Service Commission,* 7 Pa. Commonwealth Ct. 166, 299 A.2d 676 (1973) ; *Gibbs v. State Civil Service Commission,* 3 Pa. Commonwealth Ct. 230, 281 A.2d 170 (1971) ; and *Corder v. State Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 279 A.2d 368 (1971). Thus, we must affirm the adjudication of the Commission if a reasonable mind might make the same determination based on the evidence before the Commission. *See Poisson v. State Harness Racing Commission,* 5 Pa. Commonwealth Ct. 20, 287 A.2d 852 (1972) ; *A. P. Weaver and Sons v. Sanitary Water Bd., supra; Travis v. Department of Public Welfare,* 2 Pa. Commonwealth Ct. 110, 277 A.2d 171 (1971), *affirmed,* 445 Pa. 622, 284 A.2d 727 (1971).

The Civil Service Commission's record revealed that appellant was fully aware that the four students had histories of prior escapes and that they had not abandoned their intentions of a renewed escape attempt; that appellant was also aware of numerous measures that could have been taken for preventing such an escape;[*] and that appellant had told one of the students that if the four tried to escape he could do nothing about it. Such evidence supports a finding that appellant failed to take necessary and adequate precautions under the circumstances. Further, the Commission's finding that appellant failed to observe that all four boys remained in the same dormitory room after their first escape attempt was not in dispute.

Based on the foregoing facts, we are convinced a reasonable mind could find appellant grossly negligent and hence that the Commission has not abused its discretion in finding appellant's dismissal was for just cause.

Order of Commonwealth Court affirmed.

Mr. Justice MANDERINO took no part in the consideration or decision of this case.

---

[*] Such measures ranged from calling a group meeting, taking the boys' clothing and shoes, having a student designated as a junior counselor act as a "baby-sitter," or sitting where he could observe the dormitory. There was evidence that these measures and others had been discussed at staff meetings which appellant attended.