PER CURIAM.
The appellant, a jockey, because of- a charge of “careless riding,” was suspended for five days by the stewards at the race track where he was working. The suspension was upheld by the Director of the Division of Pari-Mutuel Wagering after a de novo hearing. Following the hearing, the Director issued a penalty which exceeded that given by the stewards in that the Director barred the appellant from the grounds of the track for five days and also fined him $200.00.
On this appeal, it is argued that the actions of the Director were a denial to the appellant of due process of law. It is first urged that there was denial of due process because one of the stewards who found the appellant guilty of careless riding did not view the race, but relied upon films of the incident and the testimony of witnesses presented. We have examined the applicable statute [1] and the regulations to which our attention has been directed by the briefs, and we find no deprivation of due process.
The second point urges that the appellant was deprived of due process because he was obliged to accept a de novo review rather than an “appeal” as provided by the Florida Governmental Reorganization Act, Section 20.16, Florida Statutes (1977). We are unable to agree with the appellant that it was improper for the Director to conduct a de novo proceeding, as such a proceeding is, we believe, authorized by the rules. See Fla.Admin.Code Rule 7E-1-.07; and Section 120.57(1), Florida Statutes (1977). Having conducted a de novo hearing, it was not a denial of due process for the Director to prescribe the proper penalty pursuant to Section 550.02(3), Florida Statutes (1977), and Fla.Admin.Code Rule 7E-1.02(47).
Affirmed.

. § 550.02(3), Fla.Stat. (1977).