705 P.2d 1067

Bob Alan PENCE, Petitioner-Appellant,

v.

IDAHO STATE HORSE RACING COMMISSION, Respondent.

No. 15431.

Court of Appeals of Idaho.

Sept. 3, 1985.

Dale W. Kisling, Pocatello, for petitioner-appellant.

M. Karl Shurtliff, Boise, for respondent.

BURNETT, Judge.

We are asked to review administrative sanctions imposed by the Idaho State Horse Racing Commission upon a licensed jockey who was found in possession of an electric prodding device. The jockey, Bob Alan Pence, initially appeared before a local board of stewards at the Pocatello Turf Club, where the misconduct occurred. The stewards determined that Pence had violated Rule 1508 (I.D.A.P.A. 43.1508) of the "Idaho Horse Racing Rules and Regulations" promulgated by the Commission. They fined him $300. Later, the Commission, upon receiving a report from the board of stewards, convened its own, independent hearing and increased the penalty. Pence's license was suspended for a year and he was placed on probation for two additional years. In addition, he was or-

dered to pay a $500 fine; but $200 of that amount was suspended, pending the outcome of probation, and a credit was allowed for the $300 previously paid. Pence petitioned the district court for review under the Idaho Administrative Procedure Act. The court upheld all sanctions imposed by the Commission. This appeal followed. We affirm.

Pence challenges the Commission's action on five grounds. First, he contends that increasing the sanctions beyond the penalty imposed by the board of stewards violated his constitutional protection against double jeopardy and his statutory protection against multiple punishments under I.C. § 18–301. Second, he argues that the action taken by the board of stewards was *res judicata*, barring further action on the subject by the Commission. Third, he maintains that Rule 2711 (I.D.A. P.A. 43.2711) of the "Idaho Horse Racing Rules and Regulations," authorizing independent sanctions by the Commission for "misconduct," is void for vagueness. Fourth, Pence asserts that by holding a hearing in Boise rather than Pocatello, the Commission selected an improper venue. Finally, he urges that the sanctions were unduly harsh, constituting an abuse of the Commission's administrative discretion. We will address these issues in turn.

■ We first consider whether the enlargement of sanctions by the Commission violated the federal constitutional guaranty against double jeopardy or the state statutory prohibition against multiple punishment. The fifth amendment to the United States Constitution, as applied to the states through the fourteenth amendment, provides that "no person shall ... be subject for the same offense to be twice put in jeopardy of life or limb...." Idaho Code § 18–301 provides supplementary protection by prohibiting more than one punishment for the same act. However, both the constitutional and statutory prohibitions against double jeopardy or punishment apply only to criminal prosecutions. *See Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938); *State v. Horn*,

101 Idaho 192, 610 P.2d 551 (1980). It is therefore essential to decide whether the fine and suspension of license were criminal or civil penalties.

■ Our research discloses that the courts uniformly have treated disciplinary actions by administrative agencies, such as the Idaho State Horse Racing Commission, as civil in nature. *See Urbano v. State Bar*, 19 Cal.3d 16, 136 Cal.Rptr. 572, 560 P.2d 1 (1977) (proceeding to revoke attorney's license to practice by disciplinary board of the state bar association is civil in nature); *State v. Allen*, 243 La. 698, 146 So.2d 407 (1962) (revocation of liquor license does not preclude subsequent criminal prosecution for the same acts under the theory of double jeopardy); *Klein v. Real Estate Commissioner*, 19 Or.App. 646, 528 P.2d 1355 (1974) (proceedings to revoke real estate broker's license and vocational school license civil in nature). *See generally* cases cited in 21 AM.JUR.2d *Criminal Law* § 249 (1981). We are not persuaded that incidental resemblances and analogies to criminal proceedings alter the inherently civil nature of such administrative proceedings. Although I.C. § 54–2509 provides that violations of the Idaho Horse Racing Act, title 54, chapter 25, are misdemeanors, the record contains no indication that Pence was prosecuted under that section. Accordingly, we hold that the Commission's action in this case did not violate the fifth amendment or I.C. § 18–301.

We now turn to the issue of *res judicata*. We deem the question, in essence, to be one of claim preclusion.

"[C]laim preclusion," or true *res judicata* ... treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." * * * When the plaintiff obtains a judgment in his favor, his claim "merges" in the judgment; he may seek no further relief on that claim in a separate action. Conversely, when a judgment is rendered for a defendant, the plaintiff's claim is extinguished; the judgment then acts as a "bar." * * * Under these rules of claim

preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. *Aldape v. Akins,* 105 Idaho 254, 256, 668 P.2d 130, 132 (Ct.App.1983), quoting *Kaspar Wire Works Inc. v. Laco Engineering and Machine Inc.,* 575 F.2d 530, 535 (5th Cir.1978).

■ The doctrine of *res judicata* ordinarily extends to decisions by administrative agencies. *See generally* 4 K. DAVIS, ADMINISTRATIVE LAW TREATISE § 21:1 *et seq.* (2d ed. 1983). But there are exceptions. The RESTATEMENT (SECOND) OF JUDGMENTS (1982), which we adopted in *Aldape v. Akins, supra,* provides in pertinent part at section 83:

(3) An adjudicative determination of a claim by an administrative tribunal does not preclude relitigation in another tribunal of the same or a related claim based on the same transaction if the scheme of remedies permits assertion of the second claim notwithstanding the adjudication of the first claim.

(4) An adjudicative determination of an issue by an administrative tribunal does not preclude relitigation of that issue in another tribunal if according preclusive effect to determination of the issue would be incompatible with a legislative policy that:

(a) The determination of the tribunal adjudicating the issue is not to be accorded conclusive effect in subsequent proceedings; or

(b) The tribunal in which the issue subsequently arises be free to make an independent determination of the issue in question.

■ We are confronted with just such a remedial scheme and legislative policy here. Idaho Code § 54–2509, mentioned earlier, draws distinctions between licensure restrictions and monetary penalties as well as between sanctions imposed by the Commission and those prescribed by local race track officials:

Any person maintaining a license issued by the commission, who violates the provisions of this act or the rules and regulations of the commission, may have such license suspended or revoked. *In addition to such suspension or revocation the commission may levy a monetary penalty* commensurate with the gravity of the offense, not to exceed two thousand five hundred dollars ($2,500). The commission, by rule and regulation shall provide a summary procedure for such determination at the track, the penalty amount for specified violations, and shall provide for an appeal of any summary decision to the commission. [Emphasis added.]

As we read this language, the Commission has sole authority to suspend or revoke licenses and has independent authority to fix monetary penalties. Fines within ranges established by the Commission also may be summarily imposed at the track (subject to review if appealed). This reading of the statute is consistent with the Commission's Rule 2711, which provides that "[t]he Racing Commission may punish independently any misconduct of any person connected with racing." There is no indication in the rule or in the statute that local sanctions are the exclusive remedies for misconduct. Therefore, we hold that the preclusive bar of *res judicata* did not attach to action taken by the Pocatello board of stewards in this case. As noted by the district judge, in his scholarly memorandum opinion, courts in other jurisdictions, faced with issues concerning additional sanctions, have reached similar conclusions. *See Vasquez v. Department of Business Regulations,* 378 So.2d 1319 (Fla. Dist.Ct.App.1980); *Poisson v. State Harness Racing Commission,* 5 Pa.Cmwlth. 20, 287 A.2d 852 (1972).

■ Pence next contends that the reference to "misconduct" in Rule 2711 is unconstitutionally vague. Substantive due process prohibits imposition of penalties for violations of rules or statutes that do not convey sufficiently definite warnings as to proscribed conduct, thus leaving persons of common intelligence to guess at what is prohibited. *E.g., Wyckoff v. Board of*

**116**

County Commissioners of Ada County, 101 Idaho 12, 607 P.2d 1066 (1980). However, we are not persuaded that the Commission's Rule 2711 fits this description. Although the term "misconduct" is not defined in the rule itself, the rule is part of a comprehensive regulatory scheme including Rules 1501 through 1522. In those rules, specific forms of misconduct are enumerated. As noted at the outset of this opinion, Rule 1508 prohibits electrical devices of the type found in Pence's possession.

■■■ Pence also challenges the Commission's election to hold a hearing in Boise rather than in Pocatello. He contends that he incurred extra expense and inconvenience by reason of the venue. However, such an allegation, even if true, is insufficient to warrant overturning the Commission's final order. Venue does not affect the jurisdiction of the agency to decide matters before it. *Kalosha v. Novick*, 84 N.M. 502, 505 P.2d 845 (1973). Moreover, Idaho's Administrative Procedure Act, at I.C. § 67–5209(b)(1), provides only that an agency must provide notice of the time, place, and nature of a hearing. It does not fix venue in particular locations. Where, as here, there is no particularized showing that unfair prejudice resulted from the agency's choice of venue, we will not disturb its eventual decision.

■■■ Finally, Pence characterizes the sanctions imposed by the Commission as unduly harsh. The selection of administrative sanctions is vested in the agency's sound discretion. *Matter of Haugen*, 278 N.W.2d 75 (Minn.1979). Here, the sanctions imposed were within the authority granted to the Commission. As noted, the $500 fine prescribed by the Commission was reduced by a $300 credit and the remainder was suspended. The one-year suspension of Pence's license, although a stiff penalty, was not excessive upon the facts presented. Horse racing is, and must be, subject to intensive regulation and supervision. Large sums of money are at risk through the paramutual wagering system. The state has a clear interest in avoiding any unfair tampering with racing competition. The task of protecting that interest has been delegated to the Commission. We find no abuse in the Commission's exercise of its discretion.

The decision of the district court, upholding sanctions imposed against Pence, is affirmed. Costs to the respondent Commission.

WALTERS, C.J., and SWANSTROM, J., concur.