533 A.2d 1148

Children and Youth Services, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued October 8, 1987, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James A. Esler,* Assistant County Solicitor, with him, *James J. Dodaro,* County Solicitor, for petitioner.

*Jason W. Manne,* Assistant Counsel, with him, *Ruth O'Brien,* for respondent.

OPINION BY JUDGE MACPHAIL, December 4, 1987:

Allegheny County Children and Youth Services (Petitioner) appeals an order of Respondent Pennsylvania Department of Public Welfare (DPW), Office of Hearings and Appeals, sustaining B.T.'s appeal of Petitioner's decision disapproving her as foster parent for her niece. We affirm.

On May 1, 1985, the Court of Common Pleas of Allegheny County granted B.T. custody of her niece, L.T.,[1] and ordered that foster care payments be paid retroactively to the date of placement. Petitioner subsequently informed the court that pursuant to 55 Pa. Code §3700.64 (assessment of foster parent capability), it did not approve of B.T. as a foster parent based on her problems with her own son, D.T.,[2] thereby refusing to make foster care payments.

B.T. appealed Petitioner's decision to deny her foster parent status and foster care payments to DPW, and a hearing was held before Attorney Examiner John A. Parse. On March 18, 1986, the Examiner recommended that B.T.'s appeal be sustained, concluding that she was not unfit to be a foster parent, considering that she had undergone training to improve her parenting skills. The Office of Hearings and Appeals adopted Examiner

---

[1] According to B.T.'s testimony, she had been caring for her sister's four children, including L.T., since the sister's death fifteen years earlier. Notes of Testimony (N.T.) at 43, Reproduced Record (R.R.) at 57a.

[2] D.T. was placed in a children's shelter and later treated at Craig House-Techoma, a hospital and special education program for children with emotional problems. He returned to his mother's home in 1985 and continued treatment at Craig House-Techoma on an out-patient basis. N.T. at 15-16, R.R. at 29a-30a.

Parse's recommendation and clarified that B.T. is to receive foster care payment from Petitioner for L.T. retroactive to the date of placement by the court on May 1, 1985.

Petitioner now appeals to this Court, arguing that its determination with respect to B.T.'s foster parent status was reasonable and that DPW erred as a matter of law and acted arbitrarily in sustaining her appeal. We respectfully disagree.

The crux of Petitioner's argument on appeal is its claim that because DPW has delegated its authority to Petitioner, as an approved foster family care agency, to inspect and approve foster families, *see* 55 Pa. Code §3700.61, DPW may only review Petitioner's approval determinations as an appellate body. Petitioner asserts that in so reviewing its determinations, DPW may not overturn a decision absent an error of law, or bad faith, capricious action or abuse of power on the part of Petitioner.[3]

This contention completely ignores DPW's statutory duty to supervise "children's institutions" under Section 902(3) of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §902(3), which by definition includes Petitioner. Section 901, 62 P.S. §901. *See also In re Lowry*, 317 Pa. Superior Ct. 304, 464 A.2d 333 (1983), *rev'd on other grounds*, 506 Pa. 121, 484 A.2d 383 (1984); *Child Care Service v. Department of Public Welfare*, 35 Pa. Commonwealth Ct. 81, 385 A.2d 593 (1978). Further, at the time of B.T.'s appeal, DPW regulations provided that appeals of foster parent approval decisions were to be afforded pursuant to the Administrative Agency Law (Law), 2 Pa. C.S. §§501-508,

---

[3] In so arguing, Petitioner relies on *Williams v. State Civil Service Commission*, 457 Pa. 470, 327 A.2d 70 (1974), which describes the scope of *appellate* review of an action within an administrative agency's discretion.

and 701-704 (relating to practice and procedure of Commonwealth agencies and judicial review).[4]

B.T. did receive her "opportunity to be heard" by DPW, as a Commonwealth agency, required by Section 504 of the Law, 2 Pa. C. S. §504, by way of the evidentiary hearing before the attorney examiner. Petitioner's subsequent appeal of DPW's decision to sustain B.T.'s appeal is properly within this Court's appellate jurisdiction, and under Section 704 of the Law, 2 Pa. C. S. §704, we are to affirm the adjudication of DPW unless we find that it "is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence."

We, therefore, conclude that DPW's role in B.T.'s appeal of Petitioner's decision to deny her foster parent status was not merely to review Petitioner's determination for arbitrary action or abuse of discretion as Petitioner argues, but to conduct a fact-finding hearing, as it did, to determine whether Petitioner did in fact correctly disapprove B.T. as a foster parent. We will now review DPW's decision in accordance with our scope of review enunciated in Section 704 of the Law, 2 Pa. C. S. §704.

In rejecting Petitioner's argument that B.T. was unfit to be a foster parent because of her previous problems with her natural son, and concluding that B.T.'s appeal should be sustained, Examiner Parse

---

[4] This regulation was the predecessor to the current 55 Pa. Code §3700.72, and is now found at Pennsylvania Code Serial Page 98007.

placed much weight on the uncontroverted evidence of an expert regarding the training B.T. received in parenting, the same training which is undertaken by all foster parents. N.T. at 23, R.R. at 37a. We conclude that this evidence supports the examiner's findings that the training B.T. received helped her to cope better with her children on an everyday basis, taught her to identify and reward positive behavior, and taught her how to teach her children to develop friendships and basic life skills. *See* Examiner's Findings of Fact 17-18, R.R. at 11a-12a.

As we conclude that the examiner's findings are supported by substantial evidence, and finding no error of law or constitutional violation, we will affirm the order of the Office of Hearings and Appeals adopting Examiner Parse's recommendation to sustain B.T.'s appeal.

### Order

The order of the Pennsylvania Department of Public Welfare, Office of Hearings and Appeals, in the above-captioned proceeding is hereby affirmed.